### 46749.   DUNN v. ATLANTIC RACING ASSOCIATION, INC.

HALL, Presiding Judge. In an action for the wrongful death of her son, the plaintiff appeals from the judgment based upon a directed verdict for the defendant.

Plaintiff's son was killed when his racing automobile veered off defendant's dragstrip at approximately 126 miles per hour and flipped over. He was thrown from the machine. This occurred beyond the finish line in the "gearing down" portion of the track. There was no other car in the race—he was running against the clock. The evidence showed that the track was dry, straight, in good condition, and of sufficient length. It is also undisputed that the son had raced on this track many times in the past under the same conditions.

Plaintiff's relevant allegations of negligence were: that the track was inherently dangerous because it was unlighted beyond the finish line and that this condition caused her son's car to go out of control; and that defendant negligently failed to enforce safety rules in allowing him to race without a crash helmet or seat belt which proximately caused the death by skull fracture when thrown from the car.

Plaintiff contends that the evidence concerning the lighting

and the safety devices was disputed and the issues should have been submitted to the jury. Conceding that the jury would have been authorized to find that the track was improperly lighted and that the starters negligently allowed the son to race without safety equipment, there was *no* evidence from which it could infer that these factors were the proximate cause of the accident and resulting death. We have searched the transcript carefully and the only causal connection suggested by plaintiff is that because of the lack of lighting, the son might have seen something (a dog, a drunk, another car) too late to do anything but veer off. However, there is absolutely no evidence of the presence of anything of this sort. (In fact, the only evidence which even tended to explain the loss of control was testimony that the son had complained that evening about his car pulling to the right.)

Similarly, there was not a scintilla of evidence to support the allegation that "but for" the lack of helmet and belts, the death would not have resulted. A jury could only speculate under the evidence actually adduced: Perhaps there was something out there in the dark. Perhaps he would not have been killed, but perhaps still injured. How grievously? These are not the kinds of questions a jury may consider and base a verdict upon; or, in other words, the plaintiff failed to make a prima facie case. *Bartell v. Del Cook Lumber Co.*, 108 Ga. App. 592 (133 SE2d 903). For this reason it is unnecessary to review any questions concerning assumption of risk or contributory negligence.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED JANUARY 7, 1972—DECIDED JANUARY 31, 1972—
REHEARING DENIED FEBRUARY 21, 1972—

*Beasley, Kahn, Rosser & Kiser, Eugene R. Kiser, Garland & Garland,* for appellant.

*Pierce, Ranitz, Lee, Berry & Mahoney, Thomas J. Mahoney, Jr., Morton G. Forbes,* for appellee.