## 62391. DAY v. RANDOLPH et al.

DEEN, Presiding Judge.

The appellant Day, plaintiff in the trial court, was a member of a volunteer rescue group in Chatham County some of whose members also belonged to the Civil Air Patrol (CAP), an organization which apparently requires application, dues, and attendance at some meetings, none of which Day apparently did, although he apparently believed himself to be a member. On the day in question he was informed by a buddy who was a member of CAP that a tornado had touched down near Savannah and that they were needed for a rescue mission. Day and others assembled at the designated spot; there is an apparent dispute in the evidence as to whether a requested CAP mission number was actually furnished the group. They were directed to a house which had been struck and while removing tree limbs from the roof Day fell and was badly injured. He had been told both before and after the accident that he was a member of CAP and would be taken care of. When however, the insurer refused medical benefits, Day filed this suit against CAP and his alleged superior, Browne. The original action and also an amendment thereto sounded alternately in negligence and in fraud. Defendants moved for summary judgment and, after hearing, were granted a partial

summary judgment as to the counts sounding in fraud and deceit. Judgment was denied as to the negligence counts. Plaintiff appeals.

There is strong evidence that on several occasions codefendant Browne and others did represent that Day was a member of the CAP, and that on the day in question when there was an effort to obtain a mission number there were statements that all in the group which had assembled, including Day, were members. In fact, the original telephone call by Browne contained the message, "We have a mission," which indicated a CAP endeavor. Appellant testifies that he relied on these and prior representations and would not have gone to the scene if he had known he was not a member. Although Day now contends that Browne and others knowingly and wilfully misrepresented his status to him and although he may have been convinced that he was included as a member, the evidence demands a finding that he has not presented the elements of an action in fraud and deceit. The five elements necessary to be shown are that the misrepresentation or falsehood was knowingly made, that it related to a material fact, that its purpose was to deceive another and induce him to act, that he did act upon it and that he was injured as a result. Where there is no evidence or scienter, that is, that the false statement was knowingly made with false design, there can be no recovery. An innocent misstatement may amount to negligence but it is not fraud. *Shaw v. Cook County Federal Savings & Loan Assn.,* 139 Ga. App. 419 (228 SE2d 326) (1976); *Romedy v. Willett Lincoln-Mercury, Inc.,* 136 Ga. App. 67 (220 SE2d 74) (1975); *McBurney v. Woodward,* 84 Ga. App. 807 (67 SE2d 398) (1951); *Cosby v. Asher,* 74 Ga. App. 884 (41 SE2d 793) (1947); *Eastern Motor Co. v. Lavender,* 69 Ga. App. 48 (24 SE2d 840) (1943). The only depositions which might suggest an actual or constructive fraud on the part of Browne are those of Day himself, and liability of the CAP would depend on liability of Browne for wilfully false misstatements with intent to deceive. Yet on deposition cross examination, Day agreed that Browne had no reason to want to intentionally deceive him as to his membership in CAP, and at the time Browne made statements to him (disputed by Browne) Day believed that Browne believed the statements at the time he made them. Although the appellant urges that a fiduciary relationship existed between the men, there is no showing of status, relationship, mental disparity or confidential relationship between the parties such as to cause the plaintiff to rely on the alleged statements of Browne, and no evidence from which it can be said that one had access to facts not available to the other. More particularly, there is no evidence of an intent to deceive or defraud.

The grant of summary judgment to the defendants as to that

part of the action seeking recovery in fraud and deceit is without error.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*William H. Pinson, Jr., Brent J. Savage,* for appellant.
*Stanley Karsman, Jack H. Usher, James E. Yates III, Martin Kent,* for appellees.