**65361. RANGER CONSTRUCTION COMPANY et al. v. ROBERTSHAW CONTROLS COMPANY et al.**

Deen, Presiding Judge.

Dresco Mechanical Contractors, Inc. (Dresco) contracted with Ballenger Corporation f/k/a Ranger Construction Company (Ranger), to provide mechanical work relating to the construction of the Northwest Georgia Regional Hospital in Rome, Georgia, for which project Ranger was the general contractor. The Travelers Indemnity Company (Travelers) acted as surety on Ranger's payment bond; United States Fidelity & Guaranty Company (USF&G) was surety on Dresco's performance bond naming Ranger as obligee.

Dresco then contracted with Robertshaw Controls Company (Robertshaw) to provide and install temperature control systems in several buildings of the hospital complex. Several years later, Robertshaw filed suit in the State Court of Fulton County against Ranger and Travelers, alleging that it had completed performance under the contract, that Dresco had paid Robertshaw in part but that a balance of $45,137 remained, and that it had given Ranger and Travelers notice of Dresco's default and demanded payment under the bond.

Ranger and Travelers in turn filed a third-party complaint against Dresco and USF&G, alleging that any liability of Ranger and Travelers to Robertshaw was secondary to that of Dresco and USF&G, thus entitling them to indemnification from Dresco and USF&G for any such liability. The matters proceeded to trial, where the trial court directed verdicts in favor of Robertshaw on its complaint against Ranger and Travelers, and against Ranger and Travelers on the third-party complaint against Dresco and USF&G.

In its appeal, Ranger enumerates as error the following: (1) that the trial court improperly directed verdict for Robertshaw because Robertshaw failed to prove adequately that it gave the required, timely notice of claim; (2) that the trial court improperly directed verdict for Robertshaw for the entire claim of $45,137, because there was evidence that Robertshaw actually had two contracts with Dresco and the required notice of claim was not timely, relative to the

first contract; (3) that the trial court erred in not granting Ranger's motion for directed verdict on Robertshaw's claim for relief under the theory of quantum meruit; (4) that the trial court erred in allowing Robertshaw to call Dresco's president as a witness for purposes of cross-examination; (5) that the trial court improperly directed verdict for Dresco and USF&G on the third-party complaint. *Held:*

1. OCGA § 36-82-104 (b) (Code Ann. § 23-1708) provides that "any person having direct contractual relationship with a subcontractor, but no contractual relationship express or implied with the contractor furnishing such payment bond, shall have the right of action upon the payment bond upon giving written notice to the contractor within 90 days from the day on which such person did or performed the last of the labor or furnished the last of the material or machinery or equipment for which such claim is made . . ." This court has previously emphasized that the timely written notice is a condition precedent to establishing a claim under a payment bond, and that the last labor or materials must be original contract performance rather than corrective performance. *Porter-Lite Corp. v. Warren Scott Contracting Co.,* 126 Ga. App. 436 (191 SE2d 95) (1972).

In asserting that Robertshaw failed to meet this notice requirement, Ranger presents two arguments: (1) that there remained at least a factual question as to whether Robertshaw's performance within 90 days of February 20, 1976, the date of notice of claim, had been original performance under the contract or corrective work; (2) that actually two contracts existed between Robertshaw and Dresco, and because Robertshaw completed performance under the first contract around December 1974, the notice requirement had not been met concerning that portion of Robertshaw's claim. We do not believe the evidence supports Ranger's contentions.

It was undisputed that on December 3, 1974, Robertshaw and Dresco bifurcated their original contract, with one job order pertaining to all of the buildings in which Robertshaw had basically completed installation of the temperature control systems, and the other pertaining to the final building in which Robertshaw had yet to install the system. The amount to be billed for the latter job order totalled $14,311, which was deducted from the original contract price. Robertshaw sought the arrangement for internal accounting purposes so that it could submit its bill for the work completed. Considering the two job orders as of December 3, 1974, the subject matter and total price agreed upon in the original contract were unaltered. No additional consideration was extended for this bifurcation.

Notwithstanding the fact that no genuine modification

occurred, since there was no actual alteration of the original contract terms, we find crucial the fact that there was no additional consideration for the asserted modification. A written contract may be modified by a subsequent agreement, but such must be founded upon new consideration. *J. E. M. Enterprises v. Taco Pronto,* 145 Ga. App. 573 (244 SE2d 253) (1978); *Houston v. Jefferson Standard Life Ins. Co.,* 119 Ga. App. 729 (168 SE2d 843) (1969). In this case, the original contract remained in force and controlled the work on the last building.

The primary question, then, is whether any of Robertshaw's work on the project within 90 days of February 20, 1976, constituted original performance under the contract, and not merely corrective work. Ranger here contends that the trial court erred in directing verdict for Robertshaw on this matter because a sufficient conflict in the evidence existed for jury resolution.

A directed verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a) (Code Ann. § 81A-150). Where the evidence strongly supports, but does not demand, a certain verdict, the factual determination remains for the jury. *Barber v. Atlas Concrete Pools,* 155 Ga. App. 118 (270 SE2d 471) (1980). Further, the evidence should be construed in the light most favorable to the respondent to a motion for directed verdict. *Francis v. Cook,* 248 Ga. 225 (281 SE2d 548) (1981).

The pertinent testimony of Robertshaw's employees was that the entire project had been completed in late December 1975; the last work for which Robertshaw had billed time under the contract had been performed in December 1975. Robertshaw returned after that date for punch list, or corrective, work. Ranger, in asserting that there was a factual issue, emphasized the other testimony that Robertshaw had also worked on punch list items before completion of the contract, and that the employees of Robertshaw could not tell from the job costs reports whether the work performed in December 1975 was original or corrective. Construing this evidence in the light most favorable to Ranger, we think it still demands a finding that original contract performance was completed in December 1975. The performance of punch list work prior to December 1975, an understandable occurrence considering the substantial completion of the contract by the end of 1974, simply did not contradict the testimony that the final, original work under the contract took place in December 1975. The required, statutory notice thus having been given within 90 days of the last work, the trial court properly directed verdict for Robertshaw on this matter.

2. Ranger contends that the trial court improperly allowed Robertshaw to call the president of Dresco as a witness for purposes of cross-examination. OCGA § 24-9-81 (Code Ann. § 38-1801) allows a party to call an "opposite party, or anyone for whose immediate benefit the action is prosecuted or defended," for such purpose. While this case does not clearly fall within the purview of the above position, arguably Dresco, in its posture as defendant to Ranger's third party complaint for indemnification, stood to benefit from a successful defense to the action. In any event, it appears that the line of questioning actually developed could have been pursued directly by Robertshaw, and that the trial court extended to Ranger the right to cross-examine the witness. More importantly, Ranger has neither alleged nor shown any harm in the admission of the testimony of Dresco's president. For those reasons, this enumeration is without merit.

3. Given the above ruling in Division 1, and the fact that the trial court clearly directed verdict for Robertshaw on the basis of contract, we need not consider Ranger's assertion that the trial court erred in not directing verdict for Ranger on Robertshaw's claim for relief under the theory of quantum meruit. Robertshaw certainly was entitled to cast its petition in alternative counts, one on contract and the payment bond, and the other on quantum meruit. *Orkin Exterminating Co. v. Dauer,* 146 Ga. App. 61 (245 SE2d 320) (1978). The trial court's direction of verdict on the first count, however, excluded quantum meruit as a basis for relief.

4. Essential to Ranger's third-party complaint against Dresco and USF&G, claiming indemnity or subrogation, was proof of Ranger's previous payment to Dresco for the same liability attaching from Robertshaw's claim. We must agree with the trial court that the previous judgment paid by Ranger to Dresco was inadequate proof.

The contractual agreement between Ranger and Dresco, in which Dresco agreed to turn the completed work over to Ranger free of all claims and to protect Ranger against all such claims, must here determine Ranger's rights; the language of that agreement sounds more accurately in indemnity rather than subrogation. The relationships between the three main parties in this case also alter the usual construction for subrogation. Because of the contractor-subcontractor-subcontractor arrangement, in order to establish a right to indemnity, Ranger had the burden of showing that it had in fact paid Dresco as the initial subcontractor, and thus would suffer double liability by paying the judgment obtained by Robertshaw.

The only evidence of previous payment consists of the judgment

Dresco obtained against Ranger in an earlier litigation between the two parties. It was impossible, however, to determine from the judgment to what extent, if any, Dresco had been paid for the work which ultimately became the basis of Robertshaw's claim. The evidence showed that in the previous litigation, Dresco had sought from Ranger over $900,000 in damages for breach of contract, including $175,000 for temperature control work which had been subcontracted to Robertshaw; Dresco had been awarded a general verdict of $505,414.37. Obviously, from the judgment alone one may not determine whether any of the damages awarded included the $175,000 for the temperature control systems.

We believe that Ranger, in seeking to use the prior judgment as proof of payment, must suffer the consequences of the uncertainty. "Where a judgment is relied on to establish a former adjudication ... the burden is upon the parties relying upon the former adjudication to plead the same, and to sustain such plea by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of such contention, that an injunction was sought against several matters involved in the litigation, and the verdict and judgment do not clearly show that a particular issue was then decided, before such contention can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contentions of the party setting up such former adjudication." *Prisant v. Feingold,* 169 Ga. 864, 867 (151 SE 799) (1929).

Extending that principle to the instant case, the only evidence of previous payment is inconclusive, and is inadequate proof of that essential element to Ranger's third-party complaint. Consequently, the trial court properly directed the verdict in favor of Dresco.

5. Robertshaw has filed a motion for 10 percent damages against Ranger, pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801). Because we do not find that Ranger's appeal was taken up for delay only, that motion for damages is denied.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 3, 1983 —
REHEARING DENIED MAY 19, 1983 — ▐

*Edward H. Wasson, Jr., Michael F. Swick,* for appellants.
*E. T. Nance, Jr., Glenville Haldi, Ben Kingree III, Anthony J. McGinley,* for appellees.