## 69261. POWELL v. CLANTON.
(326 SE2d 495)

SOGNIER, Judge.

Cynthia Powell brought this action against Dan Russell Clanton claiming damages for personal injuries sustained while a passenger in a car owned and operated by Clanton. The trial court granted Clanton's motion for directed verdict made at the close of Powell's evidence and Powell appeals.

Appellant contends the trial court erred by directing a verdict in favor of appellee as there were facts in evidence from which the jury could have determined that appellee was negligent. Appellant was a guest passenger in appellee's car which was towing an empty horse trailer. She was injured when her jaw hit the dashboard after appellee applied his brakes to avoid colliding with a car that pulled in front of him from a crossroad. Appellant was asleep just prior to the accident

and appellee was the only witness who testified to the facts leading up to the accident. The evidence was that appellee observed the other vehicle stopped at a crossroad and just before he reached the crossroad the vehicle unexpectedly pulled out in front of him. Appellee was able to "dodge" the other vehicle and avoid a collision. Driving conditions were excellent and there was no evidence that appellee was speeding or was negligent in any manner.

Appellee's testimony on cross-examination that he "possibly could have been" speeding and that it was "possible" that he was looking elsewhere other than toward the crossroad at the time of the accident is mere conjecture, insufficient to support a verdict of negligence. See *Pritchett v. Higgins*, 111 Ga. App. 718, 721, 722 (5) (143 SE2d 47) (1965). Further, there is no evidence to support appellant's arguments that she was injured because appellee did not slow down before reaching the intersection, because his car had no seat belts, or because his vehicle ended up off the road on the shoulder across from the intersection. A jury could only speculate under the evidence presented. See *Dunn v. Atlantic Racing Assn.*, 125 Ga. App. 516, 517 (188 SE2d 256) (1972).

A directed verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a); *Ranger Constr. Co. v. Robertshaw &c. Co.*, 166 Ga. App. 679, 681 (1) (305 SE2d 361) (1983). While a guest passenger need only show ordinary negligence on the part of the host driver, OCGA § 51-1-36, the appellant presented no evidence of negligence or evidence from which such negligence might reasonably be inferred. Thus, the trial court properly directed a verdict in favor of appellee. See *Lingo v. Kirby*, 142 Ga. App. 278 (236 SE2d 26) (1977).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 14, 1985 —
REHEARING DENIED JANUARY 29, 1985 —

*Malcolm F. Bryant, Jr.*, for appellant.
*Marvin W. McGahee*, for appellee.