73834. LIFE INSURANCE COMPANY OF GEORGIA
v. HELMUTH.
(357 SE2d 107)

SOGNIER, Judge.

Mary B. Helmuth, as beneficiary of an insurance policy on the life of her deceased daughter, Kathryn Helmuth Cogan, brought suit against the insurer, Life Insurance Company of Georgia, seeking the $25,000 face value of the policy plus $25,000 additional accidental death benefits. The trial court entered judgment on the jury verdict in favor of Helmuth for $50,000 and the insurance company appeals.

Appellant issued the insurance policy in question here in October 1984 based on a written application, signed by Cogan in August 1984 and submitted by appellant's agent, Danny Rogers. The application had been filled out by Rogers in the presence of Cogan and appellee with the answers Cogan gave in response to Rogers' questions on the application. Cogan was killed in January 1985 when an automobile she was driving crashed into a tree.

1. Appellant contends the trial court erred by denying its motion for a directed verdict as to the entire claim of appellee. Appellant asserts there were misrepresentations in the application that were material to the risk and, therefore, were sufficient to void the policy. We agree.

It is uncontroverted that the application for insurance misrepresented, first, that Cogan had been treated by only one doctor (for a benign cyst) in the five years prior to the application, when in fact she had received treatment from numerous doctors and, secondly, that

Cogan had never received treatment or medical advice for alcohol or drug use, when in fact she had been treated and hospitalized several times for alcohol and drug use. Thus it is beyond cavil that Cogan suffered from conditions not disclosed in the application and that had these conditions been reported, appellant would not have issued the policy in question.

In view of the second misrepresentation, we need not address appellee's argument in regard to the first alleged misrepresentation that appellant was estopped from denying coverage because of the action of its agent, Rogers, in preventing Cogan from disclosing other treating physicians. Nor need we reach appellant's argument that the clear limitation on Rogers' authority to waive correct answers (which appeared on the signature page of the application) prevented Cogan from relying on Rogers' alleged direction to omit all but the "name of the last doctor she saw."

Turning to the dispositive second misrepresentation, the application, in question 18c, inquired whether the applicant — Cogan — had "[e]ver received treatment or medical advice because of alcohol or drug use." Cogan's "no" answer to this clear and simple question was incorrect since the evidence is undisputed she had been treated more than once for both alcohol and drug abuse. Cogan's negative response to question 18c could not have been affected by Rogers' alleged instruction in regard to the first misrepresentation, nor is such an argument raised here. Although appellee asserts that Rogers did not ask Cogan question 18c but had paraphrased it by inquiring whether Cogan was an alcoholic, there is no suggestion in the record that Rogers actively prevented Cogan from seeing or reading the questions or the responses recorded by Rogers on the application, before Cogan signed the application. Nor is there any suggestion in the record that any changes were made on the application after Cogan signed it. "It should be observed that the applicant is bound by the answers recorded on the application, whether written by [her] or by the agent, absent any fraud on the part of the agent in deceiving [her] as to what was in fact written down as answers, or in preventing [her] from reading and ascertaining what was written down. [Cits.]" (Emphasis omitted.) *Prudential Ins. Co. v. Perry*, 121 Ga. App. 618, 622 (1) (174 SE2d 570) (1970). "We can find no fraud on the part of the agent as against [Cogan]. The answers were written in before [Cogan] took the application for reading and signing, and [she] signed the application with the answers as entered thereon. No deception is claimed as to what was in fact written down. No change was made in the answers after [she] signed the application. . . . Nothing appears as to why [she] could not have taken all the time [she] wished to take in reading it, or that [she] was in any way prevented from doing so." Id. at 623 (1).

There is no evidence that Rogers was correctly informed of Cogan's treatment for alcohol and drug use and then fraudulently or negligently inserted the incorrect response. Thus, *Stillson v. Prudential Ins. Co.*, 202 Ga. 79 (42 SE2d 121) (1947) and *Liberty Nat. Life Ins. Co. v. Houk*, 248 Ga. 111 (281 SE2d 583) (1981), relied on by appellee, are factually inapposite.

" 'In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. [Cits.]' [Cit.]" *Summerour v. Saint Joseph's Infirmary*, 160 Ga. App. 187, 188 (286 SE2d 508) (1981). Even viewing the evidence in the light most favorable to appellee, as required, see generally *Concrete Constr. Co. v. City of Atlanta*, 176 Ga. App. 873, 874 (2) (339 SE2d 266) (1985), the conclusion is inescapable that Cogan concealed information about her treatment for drug and alcohol use. Further, the evidence is uncontroverted that this nondisclosure was material to the risk and thus appellant was entitled to void the policy under the provisions of OCGA § 33-24-7 (b). See *Jefferson Standard &c. Co. v. Bridges*, 147 Ga. App. 5, 7 (5) (248 SE2d 5) (1978). Because appellee was not entitled to recover if the policy was void, the trial court erred by denying appellant's motion for directed verdict as to appellee's claim. Id. Therefore, we reverse the trial court's judgment and direct that judgment be entered below in accordance with appellant's motion. OCGA § 9-11-50 (e).

2. In view of our decision in Division 1, appellant's other enumerations of error need not be considered.

3. Although appellee denominates one section of her brief a "cross appeal," the record reveals that no Notice of Cross Appeal was ever filed. We therefore need not address this contention. See OCGA §§ 5-6-38 (a); 5-6-48 (b) (1).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 13, 1987 —
REHEARING DENIED APRIL 30, 1987 —

*Bobby T. Jones,* for appellant.
*William E. Callaway, Jr., William J. Neville, Jr., Benjamin P. Brinson,* for appellee.