75323. STEPHENS v. STEPHENS.
(362 SE2d 118)

DEEN, Presiding Judge.

The appellee, Mary Jane Stephens, sued her son, William Stephens (the appellant here), and his wife for conversion and fraud, and eventually prevailed. The judgment entered on the jury verdict specified that "[j]udgment is hereby rendered in favor of the plaintiff with regard to all allegations asserted in the counterclaim filed on behalf of defendant. . . ." In that counterclaim, the appellant had asserted ownership of a 1977 Buick automobile and alleged conversion of that

vehicle by the appellee.

Subsequently, the appellee moved to have the appellant held in contempt of that judgment, based upon his failure to surrender possession of the Buick and convey its title to the appellee. Following a hearing, the trial court cited the appellant for contempt, ordered return of the vehicle, and awarded the appellee $500 attorney fees. This appeal followed. *Held*:

1. It is undisputed that the appellant refused to surrender possession of the Buick to the appellee. Reading the judgment entered on the jury verdict in conjunction with the actual counterclaim referred to by that judgment, the trial court's citation of contempt was obviously proper. That conclusion follows as surely as does one and one equals two. The appellant's contention that the issue of ownership of the Buick actually was not litigated and adjudicated in the lawsuit is unsupported by anything from the record. *Ranger Constr. Co. v. Robertshaw Controls Co.*, 166 Ga. App. 679 (4) (305 SE2d 361) (1983).

2. The appellee has moved to dismiss the appeal on the grounds that (1) no final judgment has been entered, and (2) an application for discretionary appeal is required pursuant to OCGA § 5-6-35 (a) (6), (10), and this court has already denied such an application filed by the appellant. A final judgment was rendered in this case since the trial court found the appellant in contempt and imposed punishment. See *In Re Crudup*, 149 Ga. App. 214 (253 SE2d 802) (1979). This appeal is from a finding of wilful contempt of a previous court order entering judgment on a jury verdict (not dealing with alimony or child custody), and as such it is directly appealable. This court's denial of the appellant's application for discretionary appeal, filed simultaneously with the direct appeal, is not inconsistent with this holding. Accordingly, the appellee's motion to dismiss is denied.

3. The appellee also seeks imposition of damages against the appellant, pursuant to OCGA § 5-6-6, for filing a frivolous appeal. We agree that this appeal apparently was brought only for purposes of delay, and grant the appellee's motion. The Clerk of this Court is directed to add 10% damages upon the remittitur.

*Judgment affirmed with damages. Birdsong, C. J. and Pope, J., concur.*

DECIDED OCTOBER 15, 1987.

*William P. Holley, Jr.,* for appellant.
*Walter B. McClelland,* for appellee.