## 75950. FIRST UNION BANK OF GEORGIA v. DANIEL.
(368 SE2d 768)

SOGNIER, Judge.

Jumelle Weathers Daniel, formerly Jumelle Weathers Donnelly, brought an action against Georgia Railroad Bank & Trust Company, now First Union Bank, and against twelve merchants, to recover damages arising out of her arrest on charges of issuing and uttering worthless checks. The jury verdict and judgment in favor of the merchants was reversed by this court in *Daniel v. Bi-Lo, Inc.*, 178 Ga. App. 849 (344 SE2d 707) (1986). The merchants then paid Daniel $45,000 in exchange for her covenant not to sue them, and they are not involved in this appeal. In *Daniel v. Ga. R. Bank &c. Co.*, 255 Ga. 29 (344 SE2d 659) (1985), the Supreme Court reversed the trial court's grant of summary judgment in favor of the bank based on its assertion that Daniel's claims against it were barred by the statute of limitations, and the case against the bank proceeded to trial on two counts: malicious prosecution and negligence. The trial court granted the bank's motion for a directed verdict on the malicious prosecution count, which ruling is not appealed. The trial court allowed the case to go to the jury on Daniel's negligence claim, and the jury returned a verdict for Daniel in the amount of $75,000. The bank appeals.

The facts of this case have been set forth at length in both this court's and the Supreme Court's previous opinions, see *Daniel v. Ga. R. Bank &c. Co.*, 173 Ga. App. 888 (328 SE2d 552) (1985), rev'd 255 Ga. 29 (334 SE2d 659) (1985), and will not be repeated in detail here. The record reveals that at least at some point before appellee's arrest appellant became satisfied that the account was opened fraudulently and that the "real" Jumelle Donnelly (appellee) had not written the checks. Appellee alleged that the bank was negligent in returning the worthless checks to the merchants stamped either "account closed" or "insufficient funds" (although both were true), rather than indicating to the merchants in some way that appellee was not responsible. Appellee further maintained that this "negligence" was actionable despite appellant's undisputed lack of intent to cause appellee's arrest or confinement.

1. Appellant argues there is no such tort as negligent false arrest or negligent imprisonment in Georgia, citing *Stewart v. Williams*, 243 Ga. 580, 581-582 (1) (255 SE2d 699) (1979). While that is true, we note that there is some confusion in the law in this area, particularly as regards what constitutes actual damages when a defendant's negligence causes a "false" arrest or imprisonment. However, we need not address those questions here, because our examination of the record leads us to the conclusion that under the facts sub judice the bank's conduct was not negligent. In fact, here, as in *Baggett v. Nat. Bank & Trust Co.*, 174 Ga. App. 346, 348 (2) (330 SE2d 108) (1985), "[w]hile

it is certainly true that the owner of a business has a duty to protect its customers from injury caused by the tortious misconduct of its employees ([cits.]), the undisputed evidence refutes the existence of such misconduct in this case." First, the undisputed evidence in the instant case reveals that appellee was not even a customer of appellant. Second, the evidence shows that when appellant was satisfied, by its own investigation, that appellee was not the person who had uttered the worthless checks in question, it went directly to the sheriff's department, which had responsibility for investigating the crimes, and informed that department of all that its own investigation had disclosed, specifically including the fact that appellee was not the person who had opened the account or written the checks. Appellant turned over to the sheriff's department the photograph, taken by its hidden camera, of the person who *had* opened the account using appellee's name and identification, and other information gleaned from its own investigation which ultimately resulted in identification by the sheriff's department of the perpetrator of the crimes. Appellant further requested that the sheriff's department notify the merchants to whom the checks were written, so that they could come forward and identify positively the person who actually wrote and passed the checks. No evidence in the record suggests that appellant had any knowledge that arrest warrants were outstanding against appellee.

Even construing this evidence in a light most favorable to appellee, the party opposing the motion for a directed verdict, see *Ranger Constr. Co. v. Robertshaw &c. Co.*, 166 Ga. App. 679, 681 (1) (305 SE2d 361) (1983), we find no evidence of negligent conduct on the part of the bank. " ' "In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" [Cit.]' [Cit.]" *Life Ins. Co. of Ga. v. Helmuth*, 182 Ga. App. 750, 752 (1) (357 SE2d 107) (1987). " 'We are mindful that it is only in clear cases that the court has authority to decide questions of negligence as a matter of law. It is generally a jury question. But where, in the evidence, there is no reasonable ground for two opinions it then becomes a matter of law and not a question of fact for the jury.' [Cit.]" *Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210, 211 (335 SE2d 451) (1985). Since there is no evidence of any negligence on the part of appellant, the trial court erred by denying appellant's motion for a directed verdict.

2. Even assuming, however, that the bank's handling of the returned checks could be described as negligent, any such negligence had been cured by the bank's subsequent actions, and was not the cause of appellee's arrest. It is uncontroverted that the sheriff's department knew, when it arrested appellee, that she was not the person described in the warrants. The warrants described the perpetrator as a black female, whereas appellee is a white female. Appellee was

arrested and taken into custody by the sheriff's department despite its having knowledge, imparted by appellant, that someone was using appellee's name, and that appellee was not responsible for the crimes. Thus, appellee's unfortunate arrest was proximately caused not by appellant's actions in stamping the returned checks, but by the sheriff's department acting despite its knowledge that she was not the person named in the warrants. " 'It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, *was not triggered by defendant's act*, and which was sufficient of itself to cause the injury. [Cit.]' (Emphasis supplied.) [Cit.] . . . '(W)here the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of [a] third person . . . , the defendant can not be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury.' [Cit.]" *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (345 SE2d 858) (1986). Accordingly, in the case sub judice, even assuming its handling of the returned checks was negligent, appellant was still entitled to judgment as a matter of law, and the trial court erred by denying its motion for a directed verdict. We therefore reverse the trial court's judgment and direct that judgment be entered below in accordance with appellant's motion. See *Helmuth*, supra at 752 (1).

3. Appellant's remaining enumerations of error are rendered moot by our decision in Divisions 1 and 2.

*Judgment reversed. Carley, J., concurs. Deen, P. J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 13, 1988 —

*John A. Howard, Patrick J. Rice*, for appellant.
*Jay M. Sawilowsky, Joseph R. Neal, William H. Lumpkin*, for appellee.