## 77440. IDEAL POOL CORPORATION v. BAKER.

(377 SE2d 511)

Sognier, Judge.

Daniel Baker brought an action in several counts against Ideal Pool Corporation and others to recover damages for breach of contract (Count I) and fraud (Count II) plus exemplary damages, attorney fees and costs resulting from the installation, modification, and failure to repair his backyard swimming pool. The trial court granted Ideal's motion for a directed verdict as to attorney fees and costs of litigation, but denied its motion for a directed verdict as to damages for Counts I and II. The jury awarded $3,500 actual damages on Count I and $3,500 actual damages plus $60,000 exemplary damages on Count II against Ideal. Baker was also awarded actual damages against some of the other remaining defendants, who are not involved in this appeal. Upon Ideal's motion for a new trial, or, in the alternative, for judgment n.o.v., the trial court denied the motion on condition that Baker accept a reduced sum of $4,666.66 total actual damages and $40,000 exemplary damages, to which Baker agreed. Ideal appeals from the judgment entered on the revised verdict.

The record reveals that in April 1973, appellee contracted with appellant to install a wood-walled, vinyl-lined, in-ground pool in his backyard. Their written contract was accompanied by a warranty which stated that "[appellant guarantees] that the celcure pressure-treated wood panel and supporting structure of your Ideal Pool will

not rot, decay or deteriorate for a period of 20 years from the date of installation of your pool. We agree to replace or repair at your home WITHOUT CHARGE TO YOU any panel which rots, decays or deteriorates during this period." Installation of the pool was completed in June 1973. It is uncontroverted that appellee used the pool from June 1973 until October 1980 without experiencing any problems other than normal wear and tear.

In October 1980, appellee contracted with the other defendants in the case below, who are unrelated to appellant, to modify the pool by replacing the vinyl liner with a fiberglass shell constructed inside of and adhering to the existing wall system constructed by appellant in 1973. In October 1981, appellee noticed some discoloration and flaking of the fiberglass. In the spring of 1982, he also noticed a gap between the fiberglass shell and the coping, which was reported to the 1980 contractors. The following spring appellee observed that the cover placed over the pool during the winter months had sunk into the pool, and that the water level in the shallow end of the pool had decreased to approximately one foot; that the area around the main drain installed during the 1980 remodeling was cracked and sunken; and that the south wall of the pool had bowed inward. When called the following fall, appellant's general manager, Lawson Fields, inspected the pool and, finding that the pool had been modified without appellant's knowledge or consent by the construction of the fiberglass shell to replace the vinyl liner, he concluded it was no longer an "Ideal pool" and recommended that appellant not honor its warranty. Fields also concluded that although one wooden frame member appeared to be in poor condition, the reason for the wall failure was not rotting wood but the lowering of the water level in the pool over an extended period (presumably from the leak caused by the cracked fiberglass near the main drain). In July 1984, ten months after filing this action, appellee had the pool plowed into the ground at a cost of $1,300.

1. Appellant contends the trial court erred by denying its motions for directed verdict and judgment n.o.v. on the fraud count because the evidence was insufficient to show fraud. We agree and reverse.

"The five elements necessary to be shown [for an action based on fraudulent misrepresentation] are that the misrepresentation or falsehood was knowingly made, that it related to a material fact, that its purpose was to deceive another and induce him to act, that he did act upon it and that he was injured as a result. Where there is no evidence [of] scienter, that is, that the false statement was knowingly made with false design, there can be no recovery. An innocent misstatement may amount to negligence but it is not fraud. [Cits.]" *Day v. Randolph*, 159 Ga. App. 474, 475 (283 SE2d 687) (1981). "In a

fraudulent concealment action, the alleged defrauded party must show that the alleged defrauder had actual, not merely constructive, knowledge. If there is no actual knowledge of the defect on the part of the silent party there can be no concealment with the intent and for the purpose of deceiving the opposite party. [Cit.]" *Butler v. Terminix Intl.*, 175 Ga. App. 816, 818 (334 SE2d 865) (1985).

The record in this case reveals much discussion between the trial court and counsel during the trial, which makes it clear that as to the claim for fraud, the trial court allowed to go to the jury only that portion of the claim which sought damages for appellant's alleged misrepresentation regarding the treatment of the wood. While it is true that appellant represented in its warranty that the wood had been "celcure pressure-treated" and that it would "not rot, decay or deteriorate for a period of 20 years from the date of installation of" the pool, and the wood did not last 20 years, the testimony of appellee's own expert was that the wood *had* been treated, but that the one piece of wood which was analyzed was treated inadequately to prevent rotting for a 20-year period. Even construing this evidence in a light most favorable to appellee, the party opposing the motion for a directed verdict, see *Ranger Constr. Co. v. Robertshaw &c. Co.*, 166 Ga. App. 679, 681 (305 SE2d 361) (1983), we find no evidence was presented that appellant *knew* the wood had not been adequately treated, or that appellant *knew* the wood would not last for 20 years without rotting.

"In a civil case, '[t]he standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. [Cit.]' [Cit.]" *Aaron v. Ga. Farm &c. Ins. Co.*, 186 Ga. App. 1, 2 (366 SE2d 355) (1988). Since there was not any evidence sufficient to support appellee's fraud claim, the evidence demanded a verdict in favor of appellant on that issue, and the trial court erred by denying appellant's motions for a directed verdict and judgment n.o.v. See generally *First Union Bank of Ga. v. Daniel*, 186 Ga. App. 826, 827 (1) (368 SE2d 768) (1988). Accordingly, the judgment awarding actual damages on Count II, the fraud claim, must be reversed.

2. Since appellee was not entitled to recover actual damages on the tort claim, it follows that neither were exemplary damages recoverable. Punitive damages are not recoverable for breach of contract. OCGA § 13-6-10; *Nestle' Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328, 332 (3) (265 SE2d 61) (1980). Accordingly, we must also reverse that portion of the judgment awarding exemplary damages against appellant.

3. Our reversal of that portion of the judgment below awarding exemplary damages and actual damages for fraud against appellant renders unnecessary our consideration of appellant's remaining enumerations of error.

4. The jury awarded appellee $3,500 in actual damages against appellant on Count I, breach of contract, and we remand this case to the trial court for entry of judgment in accordance with that portion of the jury's verdict.

*Judgment reversed and case remanded. Birdsong, C. J., Banke, P. J., Carley, Benham, and Beasley, JJ., concur. Deen, P. J., Mc-Murray, P. J., and Pope, J., dissent.*

DEEN, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion as regards the trial court's denial of appellant's motions for directed verdict and for judgment notwithstanding the verdict on the fraud count.

The majority correctly recites the appellate court's duty to construe the evidence on a motion for directed verdict in the light most favorable to the party opposing the motion (appellee here). Also correctly stated is the standard for appellate review of the trial court's denial of a motion for directed verdict: the "any evidence" standard; i.e., a motion for directed verdict must be denied if there is any evidence supporting the position of the non-movant. OCGA § 9-11-50; *Aaron v. Ga. Farm &c. Ins. Co.*, 186 Ga. App. 1, 2 (366 SE2d 355) (1988). (The standard for a motion for j.n.o.v. is, of course, the same as that for directed verdict. *Russell v. State*, 155 Ga. App. 555 (271 SE2d 689) (1980)).

As the majority notes, appellee (the non-movant) did present evidence, in the form of expert testimony, that at least a portion of the wood had *not* been treated as represented in the warranty; the majority finds that this evidence did not conclusively demonstrate *scienter* on the part of appellant/movant. In my opinion, the majority's conclusion as to the import of the expert testimony is unwarranted. I believe, therefore, that the trial court acted properly in denying the motion. I therefore respectfully dissent.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED DECEMBER 5, 1988 —
REHEARING DENIED JANUARY 3, 1989.

*Duane B. Jackson*, for appellant.
*Joseph Pelt III*, for appellee.