A90A0281. HELMUTH v. LIFE INSURANCE COMPANY OF GEORGIA.
(391 SE2d 412)

SOGNIER, Judge.

In 1986, Mary B. Helmuth brought suit against the Life Insurance Company of Georgia, seeking the proceeds of a policy of insurance on the life of her daughter, Kathryn Helmuth Cogan, in which Helmuth was named as beneficiary. That case was tried before a jury, which awarded Helmuth $50,000. The insurer appealed, and in *Life Ins. Co. v. Helmuth*, 182 Ga. App. 750 (357 SE2d 107) (1987), this court reversed the judgment entered on the jury's verdict and directed that judgment be entered by the trial court on the insurer's motion for a directed verdict. Rehearing and certiorari were denied, and upon remittitur judgment was entered on the merits in favor of the insurer. In October 1988, Helmuth filed a second action against the insurer, also naming as a defendant Jesse D. Rogers, the agent who took the original application for insurance, individually and as agent for the carrier. That complaint alleged fraud on the part of Rogers, imputable to the insurance company. Rogers and the insurer answered and filed motions for summary judgment. The trial court granted the insurer's motion for summary judgment, and Helmuth appeals that ruling.

Appellant raises two enumerations of error, but the sole issue may be stated succinctly as whether the entry of judgment in the prior case bars this suit. We agree with appellee that it does.

Georgia law provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. Appellant's reliance on *Franklyn Gesner Fine Paintings v.*

*Ketcham*, 259 Ga. 3 (375 SE2d 848) (1989) is misplaced, because in that case both fraud and breach of contract theories were pleaded and tried, but the jury neither deliberated nor made a determination on the contract claim, reaching a verdict solely on the fraud claim. Rather than resubmitting the contract claim to the jury, as would have been proper, see id. at n. 1, the trial court accepted the verdict. The Supreme Court ordered a new trial on the breach of contract claim because "[a]lthough all of the elements of the breach of contract claim were proved at trial, that claim was not passed upon by the jury," id. at 5 (7) (c), and thus the contract claim remained pending. In contrast, in the case at bar appellant admits that in the prior action only a contract claim was asserted. The fraud claim was never pleaded and thus not tried. We reject as spurious appellant's argument that the fraud claim could not have been submitted in the first action because she did not know the contract was invalid. Despite appellant's protestations to the contrary, it is clear that had she so desired, she *could have* included a tort claim for fraud in the first case, as the record shows that all the facts relating to the fraud claim were known to her at that time. She chose instead to rely on the contract, and she is bound by that choice. "It is clear from an examination of the evidence that the [first suit] and the [second suit] both grew out of the same subject matter . . . . Hence, any claim [of fraud on the part of Rogers, imputed to appellee] could have been asserted in the first action. There was identity of subject-matter and parties. Therefore, res judicata applies as between [these parties]." *Winters v. Pund*, 179 Ga. App. 349, 353 (346 SE2d 124) (1986).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 30, 1990 —
REHEARING DENIED MARCH 5, 1990 —

*William J. Neville, Jr.*, for appellant.
*Doremus & Jones, Bobby T. Jones*, for appellee.