A98A1789. STINSON v. ARTISTIC POOLS, INC. et al.
(513 SE2d 510)

McMURRAY, Presiding Judge.

Ronald C. Coker, individually and in his capacity as president of Artistic Pools, Inc. ("Artistic"), contracted to build a swimming pool with a surrounding concrete deck for Glen E. Stinson. Because the pool would not hold water and the concrete deck was crumbling, Stinson filed an action against Coker and Artistic for breach of contract and breach of warranty. Stinson later asserted a fraud claim after an excavation of the pool and the pool's concrete deck revealed that Coker and Artistic had not installed certain structural supports (concrete piers and a grid of steel rods) that were allegedly required by the parties' agreements. Stinson claims that he paid Coker and Artistic based on their intentionally false or reckless assurances that these reinforcing structures had been properly installed. The trial court granted summary judgment for Artistic and Coker as to Stinson's fraud claim, finding that Stinson failed to present "evidence that [Artistic and Coker] had *actual* knowledge of the alleged fraud. . . ." The trial court also declared, in pertinent part, that Artistic and Coker were not required "to install the rebar grid in the [pool's] deck. . . ." This appeal followed. *Held*:

1. Stinson contends the trial court erred in declaring that Artistic and Coker were not required "to install the rebar grid in the [pool's] deck. . . ." To this issue, it is undisputed that rebar is a steel rod which is used for reinforcing concrete; that the parties' contract was prepared by Coker and Artistic's sales representative and project supervisor, Jeff Mittelman, that this agreement incorporated a schematic drawing for constructing the pool and the pool's deck, and that this drawing includes the notation — "#5 REBAR 4-RUNS" — but does not indicate where such rebar was to be installed. It is also undisputed that, during the project, Artistic promised in a written "CHANGE ORDER" agreement to have "(11) pier holes w/steel installed around pool house and deep end section [for an additional] $198.00."

While contractual construction is ordinarily a question of law for the court, *Batson-Cook Co. v. Poteat*, 147 Ga. App. 506, 507-508 (1) (249 SE2d 319), where terms of a written agreement are ambiguous, the meaning should be left to the jury. *Nat. Mfg. &c. Corp. v. Dekle*, 48 Ga. App. 515, 521 (2) (173 SE 408). "Ambiguity in a contract may be defined 'as duplicity, indistinctness, an uncertainty of meaning or

expression.' See *Novelty Hat Mfg. Co. v. Wiseberg*, 126 Ga. 800 (55 S. E. 923)." *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298).

In the case sub judice, the parties' initial contract and subsequent "CHANGE ORDER" agreement are capable of conflicting interpretations which cannot be resolved by application of the applicable rules of contractual construction. See OCGA § 13-2-2. Both agreements appear to require installation of steel rebar at the Stinson swimming pool project, but neither designates where or how much rebar must be installed. Nor does either agreement exclude the use of rebar in the swimming pool's deck. The controlling question, then, is not whether Artistic and Coker were contractually obliged to use steel rebar at this swimming pool project, but where such rebar was to be installed. This issue must be resolved by a jury upon consideration of the surrounding circumstances and under instructions that any ambiguity in this regard may be resolved against Artistic and Coker since it is undisputed that their agent, Jeff Mittelman, drafted that part of the agreements (on forms provided by Artistic) which are the subject of the ambiguities in question. See *Gram Corp. v. Wilkinson*, 210 Ga. App. 680 (1) (437 SE2d 341). It follows that the trial court erred in declaring that neither the construction contract nor the "CHANGE ORDER" agreement required Artistic and Coker "to install the rebar grid in the [pool's] deck. . . ."

2. Stinson challenges summary judgment in favor of Coker and Artistic as to his fraud claim, arguing that Artistic and Coker's reckless, if not knowingly false, representations regarding the use of steel rebar and concrete piers are sufficient to sustain an action for fraud. We agree. "Reckless representation of facts as true without knowledge is actionable as a species of fraud without scienter. *Rose Mill Homes v. Michel*, [155 Ga. App. 808, 809-810 (2) (273 SE2d 211)]." *Brookshire v. Digby*, 224 Ga. App. 512, 516 (481 SE2d 250). Consequently, even if Artistic and Coker did not intend to deceive Stinson by their inaccurate representations that steel rebar and concrete piers had been installed, not knowing whether these representations were true may be considered reckless representations of facts and equivalent to actual knowledge of the faulty representations. See *Lister v. Scriver*, 216 Ga. App. 741, 745 (1) (a) (456 SE2d 83). "Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. Code Ann. § 37-706[, now OCGA § 23-2-57]." *Rose Mill Homes v. Michel*, 155 Ga. App. 810 (2), supra.

The trial court erroneously relied on *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), in finding "that [Stinson's] deposition testimony regarding [Artistic and Coker's] knowledge of construction of the pool deck conflicts with [his] affidavit." Although Stinson, an attorney, indicated during his deposition that his fraud claim is not dependent on proof that Artistic and Coker

actually observed the project's concrete subcontractor install the pool's deck, this testimony does not conflict with Stinson's sworn statement that the project's supervisor, Jeff Mittelman, informed him that he (Mittelman) was present and supervised the grading and installation of the pool's concrete piers and decking. In fact, Stinson corroborated this statement in his deposition by testifying that "Mittelman was there" (on the job-site) when the project's concrete subcontractor "was finishing" the pool's deck and assuring Stinson that "we poured lots of piers here for you and we poured — we put the steel in here for you, and you shouldn't have any problem with this deck."

The trial court erred in granting Artistic and Coker's motion for summary judgment with regard to Stinson's fraud claim. Genuine issues of material fact remain as to Coker and Artistic's liability for making knowingly false or reckless assurances to Stinson that his pool and pool decking had been constructed in accordance with the parties' agreements. See *Brookshire v. Digby*, 224 Ga. App. 516, supra; *Hulsey Pool Co. v. Troutman*, 167 Ga. App. 192, 193 (2) (306 SE2d 83). Compare *Ideal Pool Corp. v. Baker*, 189 Ga. App. 739, 740 (1) (377 SE2d 511), where the evidence was insufficient to show fraud because, unlike the circumstances in the case sub judice, the contractor could not have known that a defective wood product he installed, and promised would not rot for 20 years, was improperly treated by the product's manufacturer.

*Judgment reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 4, 1999.

*Brian D. Hardison*, for appellant.
*Magill & Atkinson, Thomas E. Magill, Joseph M. Maguire, Jr., Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Jason A. Cooper*, for appellees.