41884. SNOW v. CONLEY.

SUBMITTED APRIL 6, 1966—DECIDED APRIL 14, 1966.

*Cook & Pleger, Pierre Boulogne,* for appellant.

*Vane G. Hawkins,* for appellee.

FELTON, Chief Judge. *Code Ann.* § 110-404 (Ga. L. 1895, p. 45; Ga. L. 1946, pp. 761, 778) provides: "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case

has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." "While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a *sound and legal* discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons." *Brucker v. O'Connor*, 115 Ga. 95, 96 (41 SE 245). (Emphasis supplied.) "The law seeks an end of litigation; and when parties have had full opportunity to plead and be heard, and a judgment is entered which in its nature ends the controversy, that judgment should not be disturbed, even while in the breast of the court, except in the exercise of sound legal discretion where it is necessary to do it in order to promote justice." *Davison-Paxon Co. v. Burkhart*, 92 Ga. App. 80, 83 (88 SE2d 39), and cit. "Where the allegations of the motion to reopen the default show no sound and legal reason for doing so, it is not a matter for the exercise of discretion, but a *matter of law* that the defendant's motion should not prevail. *Butler & Co. v. Strickland-Tillman Hardware Co.*, 15 Ga. App. 193 (2) (82 SE 815)." *Davison-Paxon Co. v. Burkhart*, supra, p. 84. (Emphasis supplied.)

" 'Excusable neglect' does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a *reasonable excuse* for failing to answer." *Brucker v. O'Connor*, supra, p. 96; *McMurria Motor Co. v. Bishop*, 86 Ga. App. 750, 754 (72 SE2d 469). What constitutes excusable neglect depends upon the circumstances in each case. *Sherman v. Stephens*, 30 Ga. App. 509, 519 (118 SE 567). In the present case, the defendant seeking to open the default admittedly was personally served with the process, but testified that he didn't open it up, therefore did not read the provision therein requiring his presence in court within 30 days, and that the sheriff who had served him did not inform him of this requirement. Parties are bound to take notice of the time and place of trial and of when their presence is required. *Blanch v. King*, 202 Ga. 779, 783 (44 SE2d 779) and cit.

Even illiteracy does not excuse one from using diligence to ascertain correctly the contents of a notice duly served. *Sutton v. Gunn,* 86 Ga. 652, 658 (12 SE 979) ; *McMurria Motor Co. v. Bishop,* supra, p. 754. Furthermore, although the defendant testified on direct examination that he was not familiar with court procedure and had never been sued, he testified on cross examination that he had been sued just one year ago, that he told his attorney in the initial conversation that he had a court subpoena, and that his attorney knew what the process was because he knew the defendant had received a letter with reference to the same matter.

The motion alleges that on the day after he was served with the process he made an appointment with his attorney, which he was unable to meet because of the intervening death of his attorney's father. It is not alleged when the appointment was, but the attorney testified that his father died late Sunday night or early Monday morning, the defendant having called his attorney on the preceding Friday. Whether the appointment was on Saturday, as the defendant testified, or Monday, the defendant still had a minimum of 26 days within which to apprise himself of the contents and import of the process and to act accordingly. The defendant testified that he waited a week or longer after the death before attempting to communicate with his attorney and was told that he was out. It is alleged in the motion that the reason for his not communicating with his attorney subsequently was the defendant's being called out of town on business. He testified that he was called out of the State three times within the two weeks after his telephone call to his attorney's office following the death, during which time he tried off and on to call his attorney. The press of business, even when accompanied by a mistaken belief as to the time when defensive pleadings may be filed, is no ground to open a default. *Swain v. Harris,* 101 Ga. App. 263 (113 SE2d 467). Furthermore, neither the motion nor the evidence shows that he tried to find out where his attorney could be found or left word for him to reach him, nor that he either mailed the process to his attorney or left it with his attorney's secretary or law partner, nor corresponded with his or another attorney by mail, telephone or

other means while he was out of town, or even opened up the process himself and read the plainly printed provision requiring him to appear in court within 30 days. Even if the defendant had not been able to employ any attorney he could have so notified the court and sought a postponement. The motion to open the default failed to show either providential cause preventing the timely filing of an answer or excusable neglect on the part of the defendants and the court abused its discretion in granting the motion.

*Judgment reversed. Frankum and Pannell, JJ., concur.*