61300. ALEX v. PARKWAY-BOULEVARD CORPORATION
et al.

DEEN, Presiding Judge.

On June 11, 1976, appellees filed a complaint against Gary B. Alex and two co-defendants seeking damages resulting from alleged fraudulent acts of the defendants. Alex was served on June 14, 1976, but has never filed an answer. No further action was taken in the case until Alex filed a verified motion to open the default on September 3, 1980. Alex claimed that he had a good and meritorious defense, that he was ready for trial, that he had paid all accrued costs in the action, and that his failure to file defensive pleadings resulted from excusable neglect in that he filed a voluntary petition in bankruptcy in June of 1976, listed the plaintiffs as potential creditors and relied upon the advice of legal counsel that the debt was dischargeable in bankruptcy. Alex brings this appeal from the denial of his motion to open the four-year-old default.

Code § 81A-155 (b) provides: "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial."

1. Appellant contends that the trial court's refusal to open the default constituted an arbitrary and gross abuse of discretion because the plaintiff's petition set forth no cause of action and that the trial judge had the duty and legal discretion to pass upon the third ground listed in Code Ann. § 81A-155 (b) for the opening of a default ("... where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened.").

At the hearing on the motion, appellant argued excusable neglect claiming reliance upon his attorney's advice that he need not answer the complaint and orally stated that he was also asking the court to exercise its discretion under the third ground because "I don't think that that is the type of thing that is to be pleaded in a motion to open up a default." He then urged the court to refer to the record and observe that paragraph nine of Count 1 alleged fraud

which was not pleaded with particularity as required by the Civil Practice Act, and also stated, "We have filed a motion to dismiss because based upon the pleadings as they exist this doesn't set out a good case in fraud, and if we can show the court that it doesn't set out a good case in fraud then any debt which might have been claimed under this would be dischargeable in bankruptcy." The trial court overruled the motion stating that appellant had not shown excusable neglect. Counsel urged the court to consider argument concerning the third ground. The court refused because this ground was not set forth in the motion. On appeal, counsel claims that he was not able to plead the third ground because it is a determination to be made by the judge in open court.

Code Ann. § 81A-107 (b) provides: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state *with particularity* the grounds therefor, and shall set forth the relief sought." (Emphasis supplied.)

We do not find that it is impossible to state with particularity the reason a trial judge should exercise his discretion under the third ground and open a default. While Code Ann. § 81A-155 (b) provides for the opening of a default by the trial judge as a matter of discretion, his discretion is a legal one; he cannot act arbitrarily and " 'open a default capriciously for fanciful or insufficient reasons.' [Cit.]" *Snow v. Conley,* 113 Ga. App. 486, 488 (148 SE2d 484) (1966). In *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539) (1969) the court held that the facts in appellant's motion fell short of making a case where the court would have a discretion. See also *Johnson v. Dockery,* 222 Ga. 569, 570 (150 SE2d 921) (1966) where the court held that "petitioner set forth neither any fact to show a meritorious defense [to the default] nor any facts which required the trial judge as a matter of law to exercise his discretion." While it is true that the discretion of the trial court to open a default is greater before the final judgment than after and that Code § 81A-155 "should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff," *Strickland v. Galloway,* 111 Ga. App. 683, 685 (143 SE2d 3) (1965), there must be sufficient facts alleged in the motion for opening the default to authorize the exercise of the trial court's discretion under the third ground. *Strickland v. Galloway,* supra. Even if the court could have exercised its discretion by considering the ground set forth orally, the plaintiff's pleadings were not subject to dismissal because "[t]he proper remedy for seeking more

particularity [where fraud is alleged] is by motion for a more definite statement (Code Ann. § 81A-112 (e)) at the pleading stage or by the rules of discovery thereafter." *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13) (1974).

2. Appellant's contention that the trial judge had become prejudiced against opening the default prior to the hearing is not supported by the record. There is no transcript of the judge's remarks during calendar call and the hearing transcript reveals that the judge was fair and impartial. As appellant has not shown how the judge's alleged bias affected his ruling, this enumeration is without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 29, 1981.

*Julius Alembik, Lawrence D. Kupferman,* for appellant.
*Gerald F. Handley,* for appellees.