71638. BARONE v. McRAE & HOLLOWAY, P. C.
(348 SE2d 320)

BEASLEY, Judge.

Defendant appealed the default judgment which followed denial of his motions to open default and for extension of time to file answer in a suit for legal fees. The suit alleged alternatively an account, a contract basis, and the reasonable value of the services rendered, and it sought the principal amount, interest, and costs for stubborn litigiousness. The chronology of the case below sets the stage:

| Event | Date | Days Elapsed from Filing of Suit |
|---|---|---|
| Suit filed | Feb. 4, 1985 | — |
| Service of suit attempted but unsuccessful | Feb. 5 | 1 day |

| | | |
|---|---|---|
| Summons & complaint served on defendant | Feb. 25 | 21 days |
| Answer mailed by defendant's counsel to plaintiff's counsel and clerk of court | March 27 | 30 days |
| Answer filed when received by clerk of court | March 28 | 31 days |
| (No motion to open default within 15 days) | — | — |
| Plaintiff filed motion for default judgment | May 14 | 78 days |
| Plaintiff's motion for default judgment heard & defendant paid costs | June 4 | 99 days |
| Defendant filed motion to open default and motion for extension of time to file answer | June 14 | 109 days |

On July 22, the trial court denied defendant's motion for extension of time and his motion to open default, granted plaintiff's motion for default judgment, and entered judgment in the principal amount claimed plus interest, attorney fees, and costs.

On appeal, defendant contends that the trial court abused its discretion in refusing to grant a one-day extension of time to answer plaintiff's complaint and in refusing to open a default which was caused by defendant's filing of its answer one day late.

1. Appellant contends that OCGA § 9-11-6 (b) (2) authorized the court to extend by one day the time in which he was to file answer to the suit. Under its terms, extension may be given after the fact "where the failure to act was the result of excusable neglect. . . ." Assuming that such a motion is a viable alternative when a case is already in default, we find no reversible error by the court's denial.

Appellant's motion for extension was made well past the expiration of time for filing the answer. It was therefore incumbent upon him to show excusable neglect. See *Wall v. C & S Bank*, 145 Ga. App. 76, 79 (2) (243 SE2d 271) (1978). The justification advanced is the same as that advanced for opening default here, that is, that the original counsel was confused as to the rule in Georgia for filing answer to suit. But the law is plain. See OCGA §§ 9-11-5 (d); 9-11-12 (a). We cannot say this explanation constituted excusable neglect as a matter of law. "Excusable neglect" means, among other things, "a

reasonable excuse." *Ezzard v. Morgan,* 118 Ga. App. 50, 53 (3) (162 SE2d 793) (1968). The maxim that "ignorance of the law offers no legal excuse" needs no citation. Nor can we say that the trial court abused its discretion in refusing to grant, for the reason advanced, a judicial extension of the statutory time for filing the answer, in essence allowing a circumvention of the default status of the action.

2. OCGA § 9-11-55 (b) contains three grounds for opening default: providential cause, excusable neglect, and where the judge from all the facts determines that a proper case has been made. See *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115) (1975), answer conformed to, 136 Ga. App. 781 (222 SE2d 209) (1975), interpreting Code Ann. § 81A-155 (b), which was similar.

Generally, whether the trial court opens a default is a matter resting within its sound discretion, but for the relief to be granted, subsection (b) requires that there be a motion, a meritorious defense, a legal excuse for late filing, and payment of costs. *Millholland v. Stewart,* 166 Ga. App. 431, 432 (1) (304 SE2d 533) (1983). To begin with, defendant first filed a written motion to open the default well after the hearing on the plaintiff's motion for default judgment, and he did not pay costs in the action until the day of the hearing. Secondly, the late answer is little more than a general denial and does not present what could reasonably be characterized as a meritorious defense. See *Millholland v. Stewart;* see also *Georgia Hwy. Express Co. v. Do-All Chem. Co.,* 118 Ga. App. 736 (165 SE2d 429) (1968); *Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228 (202 SE2d 698) (1973). Third, defendant did not present to the court a legal excuse for late filing. He relies upon the "excusable neglect" ground, which he says is that counsel confused the state and federal requirement for the time for filing the answer and that "[i]nstead of insuring that the answer was both served and physically filed on the 30th day, he insured only that it was *served* on that day." Appellant argues that OCGA § 9-11-55 must be given liberal construction and that the objected-to ruling of the trial court neither promoted justice nor established the truth. He invokes OCGA § 9-11-1 for the principle that the rules be construed to secure "a just, speedy, and inexpensive determination of every action,"[1] but he ignores the second and third adjectives. Therefore, some of the several conditions precedent to opening the default were not met, and the threshold for exercising discretion need not have been crossed. *Millholland v. Stewart,* supra at 433 (1).

The discretion of the trial court in opening a default and permitting defendant to plead will not be interfered with by the appellate courts unless manifestly abused, to the injury of the plaintiff. *Alex v.*

---

[1] Which also appears in the 1983 Ga. Const., Art. VI, Sec. IX, Par. I.

*Parkway-Blvd. Corp.*, 157 Ga. App. 269, 270 (1) (277 SE2d 276) (1981); see also *Snow v. Conley*, 113 Ga. App. 486 (148 SE2d 484) (1966). We do not, as appellant urges, convert this to a right to have default opened unless prejudice to plaintiff is shown. Upon review of the circumstances, we cannot conclude as a matter of law the court's denial of the request to open the default was a manifest abuse of discretion. *Howell Enterprises v. Ray*, 163 Ga. App. 68 (293 SE2d 24) (1982).

3. Appellee's motion for the imposition of sanctions for frivolous appeal under the provisions of OCGA § 5-6-6 is denied.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 3, 1986 —
REHEARING DENIED JULY 21, 1986 — ■■■■■■■■

*Herbert P. Schlanger*, for appellant.
*Donald J. Ellis*, for appellee.