73190. McCOY LUMBER COMPANY v. GARLAND LUMBER SALES, INC.
(354 SE2d 686)

McMURRAY, Presiding Judge.

McCoy Lumber Company (plaintiff) instituted an action against Garland Lumber Sales, Inc. (defendant) for breach of contract. On March 21, 1983, defendant was served with the complaint. Defendant failed to answer the complaint within the time required by law and a default judgment, in the amount of $11,532.76, was entered against defendant on May 13, 1983. On June 6, 1983, within the same term of court during which the default judgment was entered, defendant filed a motion entitled: "Motion for New Trial, Motion to Set Aside Default Judgment and Motion to Open Default." After a hearing, the trial court entered an order on July 5, 1983, setting aside the default judgment and opening default. On July 6, 1983, defendant filed an answer denying the material allegations of plaintiff's complaint. On January 23 and 24, 1986 the case was tried before a jury and a verdict was returned in favor of defendant. Judgment was entered on the ver-

dict and the trial court denied plaintiff's motion for new trial. Plaintiff now appeals. *Held*:

Plaintiff contends that the trial court erred in setting aside the default judgment and opening default.

"A trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion. *Ammons v. Bolick*, 233 Ga. 324 (1) (210 SE2d 796) (1974). This inherent power of the trial court was not changed by passage of the Civil Practice Act. *Martin v. General Motors Corp.*, 226 Ga. 860 (1) (178 SE2d 183) (1970)." *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278). " '[T]he discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff[.]' *Strickland v. Galloway*, 111 Ga. App. 683, 685 (143 SE2d 3) (1965). . . ." *Alex v. Parkway-Blvd. Corp.*, 157 Ga. App. 269, 270 (1) (277 SE2d 276).

In the case sub judice, the record supports a finding that defendant failed to answer plaintiff's complaint because of a misunderstanding between plaintiff's attorney and defendant. Further, since the default judgment was set aside in the same term of court, shortly after the default judgment was entered, it is highly unlikely that defendant's delay in filing its answer adversely prejudiced plaintiff. Consequently, the trial court did not abuse its discretion in setting aside the default judgment.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 9, 1987.

*Thomas W. Thrash, Jr.*, for appellant.
*James E. Spence, Jr.*, for appellee.