75214. ROBERTS v. COTTON STATES MUTUAL INSURANCE COMPANY.
(367 SE2d 272)

Benham, Judge.

Appellant Roberts purchased motor vehicle insurance from Cotton States Mutual Insurance Company ("Cotton States") with coverage from September 2, 1983 through March 2, 1984. The covered vehicles, a van and trailer, were involved in a collision with another vehicle on February 15, 1984, within the policy coverage period. Cotton States paid appellant under her collision coverage for the property damage she suffered. She later reached a settlement with State Farm Mutual Automobile Insurance Company ("State Farm"), the other driver's liability carrier, for $5,000. State Farm issued a draft in that amount to appellant and Cotton States, as Cotton States had claimed a right of subrogation. Roberts claimed that the funds from State Farm belonged solely to her because Cotton States had no subrogation rights under OCGA § 33-34-3 (d) (1) of the Georgia Motor Vehicle Accident Reparations Act, as amended in 1978. Appellant sued to enjoin Cotton States from asserting its subrogation claim, and sought bad faith penalties. Cotton States counterclaimed seeking damages for Roberts' failure to honor its subrogation claim. After both sides moved for summary judgment, the trial court granted appellee's motion and denied appellant's motion, and appellant appeals those rulings.

1. In her first enumeration of error, appellant asserts that OCGA § 33-34-3 (d) (1) bars subrogation to insurers under collision coverage unless one of the vehicles involved weighed more than 6500 pounds, unloaded. However, *Carter v. Banks*, 254 Ga. 550 (330 SE2d 866) (1985), is dispositive of the issue appellant raises. *Carter* held that Ga. Laws 1978, p. 2075 (OCGA § 33-34-3 (d) (1)) did not abolish "an insurer's right to be subrogated to its insured's claim against a third-party tortfeasor after paying benefits for damage to the insured's motor vehicle under the collision coverage of an automobile insurance policy." Id. at 551. In other words, if Cotton States "paid benefits to [Roberts] under the collision coverage of the policy and not under the no-fault property damage coverage . . . [Cotton States] is entitled to subrogation." Id. at 554. The issue here is whether the coverage in

question is collision coverage or no-fault property damage coverage.

2. In her second enumeration of error, appellant contends that the trial court's reliance on *Carter* as being controlling authority is misplaced. As discussed in Division 1 of this opinion, the Supreme Court held in *Carter* that the insurance company's right of subrogation remained intact for benefits paid under collision coverage. However, in that case, both collision and no-fault property damage coverages were offered, and it was "undisputed . . . that [the insurance company] paid benefits to [the insured] under the collision coverage of the policy and not under the no-fault property damage coverage." Id. at 554. We agree that *Carter* is distinguishable from the instant case insofar as here, the basis of the dispute is the nature of the coverage under which appellee paid appellant. Cotton States claims appellant bought traditional collision insurance which carries with it a right of subrogation (*Carter*) while appellant claims the collision coverage was no-fault property damage coverage, under which Cotton States has no right of subrogation. OCGA § 33-34-3 (d) (1). After examining the policy terms for the coverage appellant purchased and comparing that with the statutory provisions, we must disagree with appellant's position. OCGA § 33-34-3 states that insurers will not be subrogated to benefits the insured receives from coverage under OCGA §§ 33-34-4 and 33-34-5. The property damage coverage under OCGA § 33-34-5 (a) (3), if it is purchased, provides "[c]ompensation without regard to fault for damage to the insured motor vehicle not to exceed the actual cash value of the vehicle at the time of the loss, including up to $10.00 per day with a maximum of $300.00 for the loss of use of the motor vehicle, provided that benefits payable under this paragraph may be subject to deductibles at the written election of the policyholder." The coverage that Roberts purchased provided for payment of "the smaller of the following amounts: (a) The actual cash value of the damaged . . . property at the time of the loss [or] (b) The cost of repairing or replacing the damaged . . . property with other of like kind or quality," reduced by the applicable deductible. Roberts' deductible was $100. On the application for insurance that Roberts completed, she rejected the Georgia no-fault options for "Full Collision Coverage," "Full Comprehensive Coverage" and "Loss of Use Coverage" by marking each of the three rejection boxes with an "X." Since, by her rejection of full collision coverage and loss of use coverage, the coverage that she purchased did not comport with the coverage specified in OCGA § 33-34-5 (3), we must decide that she did not purchase no-fault property damage coverage. That being so, the coverage that she purchased must be considered "collision coverage" and thus subject to a right of subrogation in favor of Cotton States. The trial court ruled correctly in granting Cotton States' motion for summary judgment and denying appellant's motion.

We note that the insurance application is very similar to the one that was found to be inadequate under *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), but appellant's argument regarding the adequacy of the application was not raised in her enumerations of error, and so we cannot address it. *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980).

3. In light of our treatment of the case in the preceding two divisions, we need not address appellant's remaining enumerations of error.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 15, 1988.

*Frank E. Jenkins III, Sharon C. Barnes*, for appellant.
*William P. Tinkler, Jr., William S. Shelfer, Jr.*, for appellee.