77897. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. FOWLER.
(375 SE2d 666)

McMURRAY, Presiding Judge.

Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm Bureau") brought suit against its insured, Brinda Fowler. It was alleged that the insured sustained damage to her automobile when she was involved in a collision with a third party; that she filed a claim with Georgia Farm Bureau pursuant to her contract of insurance and was paid $1,157.63 by Georgia Farm Bureau; that, thereafter, the insured accepted additional monies for her loss from the third party involved in the collision; and that the insured was liable to Georgia Farm Bureau pursuant to its right of subrogation.

The insured answered the complaint and denied liability. She subsequently moved for summary judgment and so did Georgia Farm Bureau. In support of their respective motions, each party submitted copies of the insured's application for insurance and the policy declaration page. Neither party submitted the insurance policy which Georgia Farm Bureau issued to the insured.

A review of the insurance application and policy declaration page demonstrates that, in addition to other coverages, the insured applied for and received "collision" coverage. That coverage was subject to a deductible of $250.

The insured also filed an affidavit in support of her summary judgment motion. Therein, she averred that she had not been compensated completely for the losses which she sustained as a result of the collision.

Following a hearing, the trial court granted the insured's motion for summary judgment; it denied Georgia Farm Bureau's motion for summary judgment. Georgia Farm Bureau appealed, enumerating error upon the grant of the insured's summary judgment motion and the denial of its summary judgment motion. *Held*:

Georgia Farm Bureau contends it is entitled to subrogation because it paid benefits to the insured pursuant to traditional collision coverage afforded by the policy. The insured asserts Georgia Farm Bureau is not entitled to subrogation because she purchased no-fault property damage coverage. Thus, the crux of this case is to be found in the type of coverage which the insured purchased. See generally *Carter v. Banks*, 254 Ga. 550 (330 SE2d 866); *Allstate Ins. Co. v. Bohannon*, 258 Ga. 131 (365 SE2d 838); *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371 (367 SE2d 272). If the insured purchased traditional collision coverage, subrogation is available. *Carter v. Banks*, 254 Ga. 550, supra. If, on the other hand, the insured purchased no-fault property damage coverage, subrogation is not available. *Allstate Ins. Co. v. Bohannon*, 258 Ga. 131, supra; OCGA § 33-34-3 (d) (1). Which type of collision coverage did the insured purchase? Sans policy, we cannot tell.

A review of the record merely shows that the insured obtained collision coverage. The documents submitted by the parties furnish no clue as to the nature of the collision coverage which the insured purchased. Compare *Allstate Ins. Co. v. Bohannon*, 258 Ga. 131, supra, in which a review of the policy and application made it clear that "optional" collision coverage was provided without regard to fault. It follows that the trial court erred in granting the insured's motion for summary judgment; the trial court did not err in denying Georgia Farm Bureau's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

370

*Bobby L. Cobb,* for appellant.
*Fred V. Westberry,* for appellee.