## A89A2149. WEST v. SOUTHERN GUARANTY INSURANCE COMPANY.
### (390 SE2d 619)

SOGNIER, Judge.

Brenda Faye West brought suit against Southern Guaranty Insurance Company, alleging claims for fraud, conspiracy to defraud, and money had and received arising from Southern Guaranty's subrogation of an automobile collision insurance claim made by West. She also moved for certification of the lawsuit as a class action. The trial court granted Southern Guaranty's motion to deny class action certification and dismiss the class action allegations and its motion for summary judgment on West's claims, and she appeals.

The material facts are not in dispute. On February 1, 1983, appellant completed a two-page application for automobile insurance to be issued by appellee. The first page contained brief descriptions of various coverage options and adjacent boxes to be checked indicating the coverage desired by the applicant. In section E of the form, which addressed collision coverage and provided a choice of deductible amounts ranging from none to $250, appellant checked "$100 Ded Collision." She did not check section K, "Loss of Use." The second page of the form includes the statement that "[t]he No-Fault Coverages listed in Section 33-34-5 (a) are as follows: Optional PIP, Full Coverage Comprehensive, Full Coverage Collision, Loss of Use. THE OPTIONAL NO-FAULT COVERAGES LISTED ABOVE HAVE BEEN EXPLAINED TO ME." Appellant's signature appears on the "Applicant's Signature" line directly below this statement. The policy issued to appellant that day provides the following collision coverage: "Coverage E — Collision: [Appellee agrees] [t]o pay for loss caused by collision to the owned automobile . . . only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto."

Appellant was involved in an automobile accident on February 10, 1983, and submitted to appellee a sworn proof of loss statement indicating that her car, which had a cash value of $3,995, was a total loss. Appellee paid this claim (less the $100 deductible) in exchange for appellant's execution of a loan receipt authorizing appellee to pursue her claims against the tortfeasor. Appellee subsequently asserted a subrogation claim against the tortfeasor's insurer and recovered $3,150.

1. Appellant contends the trial court's grant of summary judgment to appellee was erroneous because appellant purchased optional

no-fault collision coverage offered pursuant to OCGA § 33-34-5 (a) rather than traditional collision coverage, and thus appellee was not entitled to subrogation. Appellee responds that it issued traditional collision coverage as described in *Carter v. Banks*, 254 Ga. 550 (330 SE2d 866) (1985), and accordingly was not barred from subrogating appellant's claim. Thus, as in *Georgia Farm &c. Ins. Co. v. Fowler*, 189 Ga. App. 368 (375 SE2d 666) (1988), the issue is whether appellant purchased traditional collision coverage or optional no-fault property damage coverage.

As the *Carter* court recognized, long before enactment of the no-fault law insurers issued collision insurance as "a specific form of general property insurance." *Carter*, supra at 552 (1). The Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq., provides that insurers must offer to applicants certain optional no-fault coverage, including, inter alia, "[c]ompensation without regard to fault for damage to the insured motor vehicle not to exceed the actual cash value of the vehicle at the time of the loss, including up to $10.00 per day with a maximum of $300.00 for the loss of use of the motor vehicle, provided that [such] benefits . . . may be subject to deductibles at the request of the policyholder." OCGA § 33-34-5 (a) (3). This no-fault property damage coverage is a separate coverage from collision, *Carter*, supra at 554, and under OCGA § 33-34-3 (d) (1) as it existed in 1983 insurers were not entitled to subrogate claims made under no-fault property damage coverage as they could do for traditional collision coverage. *Carter*, supra at 553-554; *Fowler*, supra at 369. To determine whether insurance coverage falls under the no-fault law, "the court looks to the *nature* of the coverage." *Allstate Ins. Co. v. Bohannon*, 258 Ga. 131, 133 (365 SE2d 838) (1988).

In the case at bar, review of the application and policy in the record persuades us that appellant was issued traditional collision coverage. The policy issued to appellant obligates appellee to pay "for loss caused by collision to [appellant's] automobile." It does not include the loss of use coverage specified as part of the optional no-fault property damage coverage that must be offered pursuant to OCGA § 33-34-5 (a) (3), and the application form reveals that appellant did *not* select loss of use coverage. As the policy does not provide the coverage described in OCGA § 33-34-5 (a) (3), we conclude appellant did not purchase no-fault property damage coverage. See *Roberts v. Cotton States &c. Ins. Co.*, 186 Ga. App. 371 (367 SE2d 272) (1988); compare *Bohannon*, supra at 134 & n. 6. Further, contrary to appellant's argument, the explanation of the optional no-fault coverages on page two of the application did satisfy the requirements of OCGA § 33-34-5 (b), compare *Southern Guaranty Ins. Co. v. Goddard*, 259 Ga. 257 (379 SE2d 778) (1989), and thus appellant's signature following that statement indicates that she rejected the optional no-fault

coverages, including no-fault property damage coverage. Consequently, appellee was entitled to subrogation, and the trial court properly awarded summary judgment to appellee. *Roberts*, supra at 372.

2. We find no error in the trial court's decision on appellee's motion to deny class certification and dismiss the class action allegations because the issue presented must be resolved on a "contract-by-contract basis," *Bohannon*, supra at 134 (1), and " '[w]here the resolution of individual questions plays such an integral part in the determination of liability, a class action suit is inappropriate.' [Cit.]" *Winfrey v. Southwest &c. Hosp.*, 184 Ga. App. 383, 384 (1) (361 SE2d 522) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 25, 1990 —
REHEARING DENIED FEBRUARY 6, 1990 

*Burnside, Wall & Daniel, Thomas R. Burnside, Jr., James W. Ellison, Lucas & Bond, Kenneth E. Lucas*, for appellant.

*Darroch & Obenshain, Robert M. Darroch, C. David Vaughan*, for appellee.