A89A1801. U. S. XPRESS, INC. v. W. TIMOTHY ASKEW & COMPANY.
(391 SE2d 707)

POPE, Judge.

This case began with the claim of Jackson Sumner & Associates against appellee W. Timothy Askew & Company (hereinafter Askew) for premiums owed on a policy of insurance issued to U. S. Xpress, Inc., and which was procured by Askew. In turn, Askew filed a third-party complaint against U. S. Xpress for indemnification for any judgment which might be entered against it and for unpaid commissions on the policy plus attorney fees and interest. Subsequently, U. S. Xpress defaulted by failing to file a timely answer. The trial court refused to open the default and entered judgment in favor of Askew. U. S. Xpress now appeals the denial of its motion to open default and the entry of default judgment against it. *Held*:

"OCGA § 9-11-55 (b) contains three grounds for opening default: providential cause, excusable neglect, and where the judge from all the facts determines that a proper case has been made. [Cits.]

"Generally, whether the trial court opens a default is a matter resting within its sound discretion, but for the relief to be granted, subsection (b) requires that there be a motion, a meritorious defense, a legal excuse for late filing, and payment of costs." *Barone v. McRae & Holloway*, 179 Ga. App. 812, 814 (348 SE2d 320) (1986).

In the case before us, U. S. Xpress argues that excusable neglect has been shown in that its failure to file its answer was a result of a mistake in the office of its attorney coupled with the attorney's busy trial schedule. We do not agree. "The neglect of the attorney was the neglect of the client, and furnished no reason for setting aside the judgment." *Martin v. Parham*, 14 Ga. App. 257 (2) (80 SE 674) (1914). Accord *Rahal v. Titus*, 110 Ga. App. 122, 129 (2) (138 SE2d 68) (1964). "The press of business . . . is no ground to open a default." *Snow v. Conley*, 113 Ga. App. 486, 489 (148 SE2d 484) (1966). "The discretion of the trial court in opening a default and permitting defendant to plead will not be interfered with by the appellate courts unless manifestly abused, to the injury of the plaintiff. [Cits.] We do not, as [U. S. Xpress] urges, convert this to a right to have default opened unless prejudice to plaintiff is shown. Upon review of the circumstances, we cannot conclude as a matter of law the court's denial

of the request to open the default was a manifest abuse of discretion. [Cit.]" *Barone v. McRae & Holloway*, supra at 814-815.

We are not persuaded by U. S. Xpress's argument that the time for the filing of its answer was extended by the filing of Askew's amendment correcting the misnomer, U. S. Express, Inc., that it originally used to identify U. S. Xpress, Inc. The argument is that misnomers must be amended by application of OCGA § 9-10-132 and that this Code section requires a motion to effect the amendment. In this case, Askew simply filed an amendment as of right pursuant to OCGA § 9-11-15.

Although in its brief, U. S. Xpress argues that its proper name is U. S. Xpress of Nevada, Inc., we note that in its answer and in a letter from its counsel to Askew's counsel, it affirmatively states that its name is U. S. Xpress, Inc. It also argues in its brief that U. S. Express, Inc., is an existing corporation wholly different from itself. However, no evidence to this effect appears in the record and we cannot consider statements in briefs as matters of record. *York v. Miller*, 168 Ga. App. 849 (310 SE2d 577) (1983). However, the record does show that the president of U. S. Xpress was personally served at its principal place of business and that it was clear to U. S. Xpress that the suit was directed to it and involved it. Both OCGA § 9-10-132 and OCGA § 9-11-15 allow a party to correct a misnomer. Section 9-10-132 is broader than § 9-11-15 in that it applies to "writs, pleadings, or other civil judicial proceedings" and § 9-11-15 applies only to pleadings in civil proceedings. To the extent that these two sections are inconsistent, the latter expression of the legislature, § 9-11-15, controls. *Nash v. Nat. Preferred Life Ins. Co.*, 222 Ga. 14 (3) (148 SE2d 402) (1966). Where a party named in a complaint is reasonably recognizable as a misnomer for the real party in interest, the misnomer may be corrected by amendment to the pleadings pursuant to § 9-11-15. *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983). Thus, it was not necessary for Askew to get leave of court to amend the misnomer. Because the Civil Practice Act does not require a party to respond to an amendment to a complaint, OCGA §§ 9-11-12 (a) and 9-11-15 (a), and because U. S. Xpress knew that it was the real party denominated by the misnomer, it follows that its duty to respond with an answer arose upon service of the third-party complaint and was not extended by the amendment.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 6, 1990.

*Cook & Palmour, Bobby Lee Cook*, for appellant.
*McLain & Merritt, Howard M. Lessinger, Bauer, Deitch &*

*Raines, Gerald B. Kline, George R. Ference,* for appellee.