## A93A1990. YOUNG CONSTRUCTION, INC. v. OLD HICKORY HOUSE #3, INC.
### (436 SE2d 581)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Young Construction, Inc. has filed a notice of appeal to appeal directly the order of the superior court granting defendant's motion to set aside (default) judgment. However, the notice states: "Since the order was interlocutory in nature it was not appealable until a final decision issued in the case. [Cit.] This notice of appeal is filed within thirty (30) days of the entry of the final decision in the case." Appellant has filed no amended notice of appeal.

Appellant/plaintiff filed suit to foreclose on a mechanics lien, and served appellee with process using substituted service on the secretary at appellee's principal office. See generally OCGA § 14-2-504. Appellee failed to answer the complaint and appellant obtained a default judgment. Appellee moved to have the default judgment set aside (OCGA § 9-11-60 (d) (2)) and default opened (see generally OCGA § 9-11-55 (b)). The trial court entered an order that, inter alia, set aside and vacated the default judgment, and opened appellee's default in failing to answer appellant's complaint. Appellant filed a timely application for interlocutory review that was denied. Subsequently, the trial court issued an order granting appellee's motion for summary judgment. *Held*:

1. Unlike *Whiddon v. Stargell*, 192 Ga. App. 826 (386 SE2d 884), the notice of appeal in this case does not clearly reflect on its face that the appeal is being taken from a non-appealable order, as the notice states it is being timely filed after the entry of the "final decision" in the case. The record reveals that the final decision referred to is a grant of motion for summary judgment and is directly appealable pursuant to OCGA § 9-11-56 (h). Construing the notice of appeal liberally, as we are required to do (OCGA § 5-6-30; see OCGA § 5-6-48 (f)), we find appellant filed a notice of appeal both from the order setting aside default judgment and from the order granting summary judgment to appellee/defendant. Thus, having filed a notice of appeal from the grant of summary judgment, appellant can also appeal the order setting aside the default judgment. OCGA § 5-6-34 (d); cf. *Segrest v. Intown True Value Hardware*, 190 Ga. App. 588 (1) (379 SE2d 615). Accordingly, we will assume appellate jurisdiction notwithstanding that the only errors enumerated are those pertaining to the setting aside of the default judgment.

2. The first ground for this appeal has been clarified by appellant

as follows: "The first ground is that the trial court was not empowered to set aside a default judgment on the grounds of a mutual mistake under OCGA § 9-11-60 (d) (2)."

(a) Although appellant contends the trial court ruled from the bench that the default judgment was based on mutual mistake, the written order subsequently entered was expressly based on other grounds. The order, as entered, stated: "The court finds that the failure of [appellee/defendant] to appear was the result of accident or mistake or other acts on the part of [appellant/plaintiff]. . . . The court further finds excusable neglect on the part of [appellee/defendant] in failing to file an answer to [appellant/plaintiff's] complaint within the time allowed by law, and, finds from all the facts, that a proper case has been made for the default to be opened."

The page of the hearing transcript cited by appellant does not support its claim that the trial court set aside the default judgment on the grounds of "mutual mistake." At most it reflects that the trial court recognized there had been some form of "misunderstanding between [the] lawyers." A misunderstanding can occur under circumstances other than that of "mutual mistake." Additionally assuming arguendo that the trial court had orally and unequivocally announced the basis of its ruling as "mutual mistake," it is well settled that " '[w]hat the judge orally declares is no judgment until it has been put in writing and entered as such.' " *Williams v. City of LaGrange*, 213 Ga. 241, 242 (1) (98 SE2d 617). The trial court entered no order setting aside default judgment on the ground of mutual mistake; appellant's contention that the trial court so erred is without merit.

(b) Appellant states its second ground for appeal "is that the trial court was completely erroneous in finding that the default judgment was not based on the negligence of the appellee in failing to maintain a registered agent as required under Georgia corporate law and other acts of negligence."

In support of this contention, appellant argues that the trial court's order failed to comply with the requirements of OCGA § 9-11-60 (d). Rather than concluding that the default "judgment [was] based upon" accident, mistake or the acts of the adverse party, it was merely concluded that the "failure of [appellee] to appear [at the hearing] was the result of accident or mistake or other acts on the part of [appellant] unmixed with the negligence or fault of [appellee]." Examining the order in its totality, we find that the order of the trial court, at a minimum, was in substantial compliance (OCGA § 1-3-1 (c)) with the requirements of OCGA § 9-11-60 (d). However, for reasons hereinafter discussed, the trial court was empowered to set aside default judgment without complying with the substantive provisions of OCGA § 9-11-60 (d).

"[A] judgment right for any reason must be affirmed." *Shapiro v.*

*Lipman*, 259 Ga. 85, 86 (377 SE2d 673). In this case, the trial court set aside the default judgment based on a proper motion duly *filed* within the same term of court. The trial court in its order also found the following facts: appellee paid the requisite costs in this action, set up a meritorious defense, offered to plead instanter, filed a proposed answer with its motion, and announced it was ready to proceed to trial. These findings have not been timely contested, and any issue pertaining thereto has been abandoned. Court of Appeals Rule 15 (c) (2).

Default judgment was entered on March 2, 1992, this date being the first Monday in March 1992, and the first day of the court term for the Fulton County Superior Court (see generally OCGA § 15-6-3 (3)). On March 4, 1992, within the same court term, appellee filed a motion to quash service of process or, in the alternative, a motion to set aside judgment. The order setting aside default judgment was filed June 2, 1992.

Under the Civil Practice Act, a judgment cannot be set aside, based upon OCGA § 9-11-60 (d), unless the grounds relied upon are unmixed with the negligence or fault of the movant. *Northeast Atlanta Surety Co. v. State of Ga.*, 197 Ga. App. 399, 400 (398 SE2d 435); *Aycock v. Hughes*, 189 Ga. App. 838 (1) (377 SE2d 689). However, a trial court in the exercise of its discretion has inherent power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify, or vacate the judgment. *McCoy Lumber Co. v. Garland Lumber Sales*, 182 Ga. App. 75, 76 (354 SE2d 686); accord *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278). "This inherent power of the trial court was not changed by passage of the Civil Practice Act." Id. Exercise of discretionary power to set aside by the trial court will not be reversed in the absence of manifest abuse of discretion. *McCoy Lumber Co.*, supra; *Barone v. McRae & Holloway, P.C.*, 179 Ga. App. 812, 814 (2) (348 SE2d 320).

The scope of the trial court's inherent power to set aside a judgment when the judgment is not entered upon a verdict was clarified in *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 748 (1) (331 SE2d 95) and *Reynolds v. ARC Svcs.*, 132 Ga. App. 863 (2) (209 SE2d 653). In both *Serwitz* and *Reynolds*, this court concluded that because the judgment was not upon a verdict, and the motion to set aside "was filed within the term in which the judgment was entered," the trial court had power to set it aside in the exercise of sound discretion. Id.; compare *Maslia v. Hamilton*, 239 Ga. 52 (235 SE2d 485), wherein the court concluded that "[a] motion to set aside a judgment filed during the same court term the judgment is entered may be acted upon at a subsequent term." These holdings are consistent with the general principle that "a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered,

unless the proceeding for that purpose was begun during the term." *Miraglia v. Bryson*, 152 Ga. 828 (2) (111 SE 655); compare *Pekor v. Clark*, 236 Ga. 457, 458 (1) (224 SE2d 30). Appellant has failed to establish a manifest abuse of discretion by the trial court in setting aside the default judgment and opening the default.

Additionally, examination of the record in its totality reveals some evidence, albeit slight, tending to support the ruling of the trial court that the "failure of [appellee] to appear was the result of accident or mistake or other acts on the part of [appellant] *unmixed* with the negligence or fault of [appellee]." (Emphasis supplied.)

Further, appellant has filed no enumeration in which it is asserted that the trial court erred in granting summary judgment in favor of appellee. Thus, no viable appellate issue is before this court regarding the vacation of the grant of summary judgment. See *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (2) (367 SE2d 272).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 14, 1993.

Varner, Stephens, Wingfield & Humphries, Thomas M. Mashburn, for appellant.
Simmons, Warren & Szczecko, M. T. Simmons, Jr., for appellee.

