**In re Alvin C. GEIS, Debtor.**

**Bankruptcy No. A85–03489–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 29, 1986.

Jack La Sonde, Atlanta, Ga., for debtor.

John W. Ragsdale, Jr., Ragsdale, Beals, Hooper & Seigler, Atlanta, Ga., Trustee.

### ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

This case is before the Court on the debtor's motion to transfer the case to the Bankruptcy Court for the District of New Jersey, the state where the debtor now resides. The Trustee in this case opposes the motion on the grounds that property of the estate includes certain claims which the Trustee should pursue for the benefit of creditors and that the interest of justice and convenience of the parties require this Court to retain venue to determine the issues remaining unresolved—particularly

those concerning the Trustee's possible objection to discharge.

■ The claims which the Trustee desires to pursue for the benefit of creditors arise out of an automobile accident which the debtor was involved in about eight (8) months before this case was commenced. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Working a change from former § 70(a) of the Bankruptcy Act, the definition in Code § 541(a) is broad enough to include an unliquidated personal injury claim. *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984); *see also Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 709 (9th Cir. 1986) ("regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under section 541.") (footnote omitted).

■ The debtor argues that, even if his claims arising out of the accident are property of the estate, payments for the claims would either be totally exempt or would not substantially exceed his exemption rights under 11 U.S.C. § 522 and O.C.G.A. § 44–13–100. In particular, the debtor relies upon the following listed item of exempt property:

(11) The debtor's right to receive or property that is traceable to:

. . . . .

(D) A payment, not to exceed $7500.00 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is dependent....

O.C.G.A. § 44–13–100(a)(11)(D). Although Georgia, by enactment of O.C.G.A. § 44–13–100(b), has "opted out" of the federal list of exemptions found at 11 U.S.C. § 522(d), the exemption for part of a personal injury claim provided by O.C.G.A. § 44–13–100(a)(11)(D) is identical to the federal exemption provided by § 522(d)(11)(D)

and to the exemption provided by statutes of other states.

Under these provisions, the debtor may not exempt the portion of his claim which represents his actual pecuniary loss (in the form of medical expenses). *See In re Haga*, 48 B.R. 492, 494 (Bankr.E.D.Tenn. 1985) (interpreting an identical Tennessee statutory exemption). Also, the portions of the debtor's claim allocable to property damage are not exempt. *See In re Territo*, 36 B.R. 667 (Bankr.E.D.N.Y.1984) (interpreting the federal exemption, § 522(d)(11)(D)).

Some courts have noted that the exclusion of pain and suffering damages and compensation for actual pecuniary loss from the exemption for payments on account of personal bodily injury almost makes the exemption meaningless since typically an award for personal bodily injury is made up of just these types of damages. The court in *In re Territo*, 36 B.R. 667 (Bankr.E.D.N.Y.1984), noted this problem and concluded that an exemption would be allowed under § 522(d)(11)(D) after examining whether the settlement in question was paid on account of actual bodily injury and whether such injury was extensive enough to account for all of the money received less the amount attributable to property damage. *Territo*, 36 B.R. at 670. *See also Matter of Lynn*, 13 B.R. 361 (Bankr.W.D.Wis.1981) (similarly concluding that the correct analysis in deciding whether the debtor was entitled to the $7,500.00 exemption is merely to determine if the award in question was "on account of actual bodily injury").

Following this analysis, it appears that the payments the debtor will receive for his claims arising from his accident can be claimed as exempt up to $7,500.00, depending on whether his injuries are extensive enough to account for this amount after items of property damage and medical expenses are deducted. While the value of the claim is to be determined as of the date of the petition, the Court cannot agree with the debtor that the value has increased since the filing because of the pain and

suffering experienced after that date. The claims at any time would include an amount for estimated future damages. Therefore, the value of the award must be deemed to have remained constant.

The debtor also argues, based on the reasoning of *In re Musgrove*, 7 B.R. 892 (Bankr.W.D.Va.1981), that the full amount of his claim should be exempt because assignment of personal injury claims is not permitted in Georgia. It appears clear, however, that assignability is no longer the question when deciding whether to allow an exemption. The Bankruptcy Court in *In re Tignor*, 21 B.R. 219 (Bankr.E.D.Va. 1982), relied upon the reasoning of *Musgrove* to hold that claims for personal injuries were fully exempt under Virginia common law because such claims were not assignable. The Court of Appeals for the Fourth Circuit reversed this holding in *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir.1984), which held that an exemption is not to be based on common law or on whether the cause of action for injuries could be reached by creditors in a state court. Since the exemption for the bodily injury claim could only be based on Virginia's exemption statute, the court concluded: "The debtor was entitled to claim an exemption for such a claim, whether liquidated or unliquidated, only under the homestead exemption statute with other property claimed thereunder in the aggregate amount of $5,000." 729 F.2d at 982. It thus appears clear that the maximum amount which the debtor in this case could claim as exempt under O.C.G.A. § 44–13–100(a)(11)(D) is $7,500.00.

There is currently no evidence before the Court to enable it to determine what portions of the debtor's claim for his accident can be allocated toward the $7,500.00 exemption and what portions must be excluded as items of property damage or medical expenses. It cannot currently even be determined whether the debtor's injuries are extensive enough to claim the full $7,500.00

exemption. There is also insufficient evidence to determine if debtor's claims could be exempted under the provisions dealing with "disability benefits"[1] under O.C.G.A. § 44–13–100(a)(2) or payments for loss of future earnings[2] under O.C.G.A. § 44–13–100(a)(11)(E).

It is clear, however, that the evidence relating to the claims, as well as to how the claims should be allocated, is present in the state of Georgia, where the accident occurred, and that any suit based on the accident would probably be tried in Georgia.

Furthermore, the Trustee has raised further issues relating to whether the debtor is entitled to a discharge, and the Trustee has been granted an extension of time to object to discharge. The issues include whether the debtor's Georgia business was substantially undervalued by the debtor, whether the estate has any claims against the debtor's attorney arising from the dismissal of the debtor's suit relating to the termination of employment in this district, and whether the amount owed to the debtor by a Georgia resident is $103,782.00 or only $100.00. In addition, the Trustee has apparently already begun an investigation of these issues, and a new Trustee in a different district would have to duplicate some of these efforts and would have to gain access to evidence found in this district.

 All these considerations lead the Court to conclude that it should retain venue at this time. The factors to be considered in deciding whether to transfer venue include: (1) the proximity of the creditors to the court; (2) the proximity of the bankrupt to the court; (3) the proximity of necessary witnesses to the court; (4) the location of the assets; and (5) the economic administration of the estate. *In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979) *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731

---

1. Whether this term is limited to workers' compensation awards need not be decided at this time.

2. In this regard, it appears the debtor's employment had been terminated prior to the accident.

(1980). Also, this Court's familiarity with this case and the judicial efficiency which results therefrom must be considered. *In re WWG Industries, Inc.*, 8 C.B.C.2d 589 (Bankr.N.D.Ga.1983). Balancing all these factors, the Court concludes that venue should not be transferred in spite of the fact that the debtor will not be remaining in proximity to this district, because the witnesses and evidence relating to the remaining issues in this case are located in Georgia and because a transfer would result in duplicative and more burdensome efforts by the judiciary and by trustees.

Accordingly, it is ORDERED that the debtor's motion to transfer venue be DENIED.