A89A2109. WEBSTER v. SENSORMATIC ELECTRONIC CORPORATION.
(389 SE2d 15)

McMurray, Presiding Judge.

Plaintiff Sensormatic Electronic Corporation sold and defendant Webster d/b/a Levigate purchased certain "article surveillance equipment" (anti-shoplifting security devices) under a contract which provided for payment in 60 monthly installments. Only approximately seven monthly installments were ever paid and this action to recover the balance due under the contract was filed. Defendant Webster answered and counterclaimed for shoplifting losses allegedly caused by defects in the workmanship of the security devices purchased from plaintiff. By amendment to plaintiff's complaint, Henrich Enterprises, Inc., was added as a party defendant.

At the close of all the evidence, the trial court granted plaintiff's motion for directed verdict on defendant Webster's counterclaim. The jury returned a verdict in favor of plaintiff and against defendant Webster d/b/a Levigate only. Defendant Webster appeals, enumerating as error the direction of the verdict on his counterclaim in favor of plaintiff and the trial court's failure to give certain requested charges to the jury. *Held*:

Defendant Webster argues that the trial court erroneously concluded that the contract excluded or modified the statutory implied warranty of fitness. The contract includes a provision that: "THE FOREGOING WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE." This language is printed in type which is bolder and larger than that generally used in the document, and is further emphasized by the capitalization and by being within a dark bordered rectangle. This language from the written contract is sufficiently conspicuous to satisfy the requirements of OCGA § 11-2-316 (2). *Chrysler Corp. v. Wilson Plumbing Co.*, 132 Ga. App. 435, 437 (1) (208 SE2d 321).

The contract also contains a disclaimer of consequential damages

which is not conspicuously printed or distinguished from the remainder of the contract. However, OCGA § 11-2-719 which explicitly permits the exclusion of consequential damages does not impose any requirement, of a conspicuous writing, analogous to that of OCGA § 11-2-316 (2).

Defendant Webster's reliance on *Redfern Meats v. Hertz Corp.*, 134 Ga. App. 381 (215 SE2d 10), in which there was no compliance with former Code Ann. § 109A-2-316 (2), now OCGA § 11-2-316 (2), is misplaced. Since there was an effective disclaimer of implied warranties the only warranties under the contract in the case sub judice are those expressly stated.

Our decision in *Century Dodge v. Mobley*, 155 Ga. App. 712 (2), 713 (272 SE2d 502), is not applicable to the case sub judice. In *Century Dodge* we held that it is unreasonable to allow express warranties to be negated by a disclaimer in the same contract. While defendant Webster would incorporate, into the contract, statements from the sales brochures of the plaintiff, the written contract by its terms constitutes the entire agreement between the parties and contains no express warranty relevant to defendant Webster's counterclaim. See also OCGA § 11-2-202.

There is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shows that the statutory implied warranty upon which defendant Webster relies was excluded under the terms of the contract. The evidence therefore demands a verdict in favor of plaintiff on defendant Webster's counterclaim. Therefore, the trial court did not err in granting plaintiff's motion for directed verdict on the counterclaim. *Tsilimos v. NAACP*, 187 Ga. App. 554 (370 SE2d 816); *Carpenter v. Parsons*, 186 Ga. App. 3, 4 (2) (366 SE2d 367).

The remaining enumerations of error, which concern the trial court's refusal to give requested charges, are predicated upon the supposition that the trial court erred in directing the verdict on defendant Webster's counterclaim in favor of plaintiff. As the underlying supposition is incorrect, nothing is presented for review by the remaining enumerations of error.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 22, 1989.

*Morris & Webster, Craig A. Webster*, for appellant.
*Ackerman, Woodard & Butler, Jeffrey M. Butler, Robert J. McCune*, for appellee.