## A91A1282. McCRIMMON v. TANDY CORPORATION.
### (414 SE2d 15)

Beasley, Judge.

McCrimmon sued Tandy Corporation alleging fraud, breach of implied warranties of merchantability and fitness for a particular purpose, breach of express warranty and breach of contract in the sale of certain computer hardware and software. In his amended complaint, McCrimmon sought actual and punitive damages, expenses of litigation and attorney fees. He appeals from the grant of partial summary judgment to Tandy with respect to the claims of fraud and breach of implied warranties and from a ruling that a limitation on damages included in a limited warranty was enforceable as a matter of law. His claims for breach of contract and breach of express warranty remain pending in the trial court, as does his claim for expenses of litigation under OCGA § 9-15-14. The case previously appeared before this court on interlocutory appeal from an order compelling discovery. *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744 (360 SE2d 70) (1987).

McCrimmon purchased from Tandy a Tandy Model 4 TRS-80 computer, a DWP-210 printer and a word processing software program called Model 4 SuperScriptsit, at a purchase price of $3,493. He averred that prior to making the purchase, he was orally advised by Tandy's agents that the equipment "would be well suited" to his particular needs, that he would have a period of 90 days in which to obtain a refund for any reason, and that a support staff would be made available if there were any problems in learning to operate the system.

The face of the sales receipt contained a handwritten notation, "30 day return, 90 day warranty." On the reverse side is a printed statement captioned, "LIMITED WARRANTY AND SOFTWARE LICENSE," which in pertinent part acknowledged that the seller "provides a Limited Warranty . . . included with the packaging and manuals pertaining to all of its computer Equipment and Software programs purchased," and which incorporated by reference that limited warranty. It further informed the purchaser that the limited warranty "is available for inspection by the customer at the [seller's place of business] prior to purchase upon request."

McCrimmon took delivery of the equipment in April of 1984 and in the following few months experienced a series of problems with the system. He contends that Tandy was unresponsive to his subsequent requests for assistance. In July of 1984, McCrimmon attempted to rescind the sale but Tandy rejected his tender of the equipment and demand for a refund. This action followed.

1. Appellant contends, in enumerations of error one through six, that the court erred in awarding summary judgment to appellee with respect to his claim of fraud. The complaint alleged that appellant

was induced to purchase the computer equipment in reliance on knowing misrepresentations by appellee to the effect that the equipment was suitable for his needs in a law office and that appellee would provide necessary service and support of the system, whereas the equipment proved to be defective and unsuitable for his needs and appellee failed to correct the alleged defects and deficiencies.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. [Cit.] For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort." *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). "Where there is no evidence [of] scienter, that is, that the false statement was knowingly made with false design, there can be no recovery. An innocent misstatement may amount to negligence but it is not fraud. [Cits.]" *Day v. Randolph*, 159 Ga. App. 474, 475 (283 SE2d 687) (1981).

The allegations that appellee knowingly misrepresented the suitability of the equipment for appellant's purposes, and that appellee knowingly concealed information that the system was defective, are wholly without evidence to support them. Appellee demonstrated that the equipment was commonly used for appellant's purposes. Appellant's own expert testified on deposition that the computer and printer sold to appellant were "very solid," reliable pieces of equipment. Even if appellee's representations concerning the reliability of the equipment proved to be untrue, there is no evidence that such representations were knowingly false. "If there is no actual knowledge of the defect on the part of the silent party there can be no concealment with the intent and for the purpose of deceiving the opposite party." *Ideal Pool Corp. v. Baker*, 189 Ga. App. 739, 741 (1) (377 SE2d 511) (1989). Moreover, statements of opinion, general commendations and sales puffing cannot constitute the basis for a claim of fraud. *U-Haul Co. v. Dillard Paper Co.*, 169 Ga. App. 280 (312 SE2d 618) (1983).

As to the allegations that appellee fraudulently misrepresented its intentions to service and support the system, appellee has shown that it responded to appellant's requests for assistance regarding operational problems and, in each instance, attempted to correct the problem. Its final offer of assistance was extended in a letter in August of 1984: "[W]e have not been given sufficient opportunity to address and resolve your problem. We are willing to work with you to overcome any obstacles that might prevent you from getting the use out of your equipment that you desire." Appellant's response was the institution of suit.

On motion for summary judgment, appellee demonstrated the

absence of evidence of fraud, thereby casting upon appellant the burden of presenting specific evidence giving rise to a genuine issue of triable fact. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Hodge Residential v. Bankers First Fed. &c. Assn.*, 199 Ga. App. 474 (2) (405 SE2d 302) (1991). The burden was not met, and appellee was entitled to judgment as a matter of law.

2. Appellant contends that the trial court erred in granting summary judgment to appellee with respect to the claims for breach of implied warranties of merchantability and fitness for a particular purpose.

The full text of the limited warranty was contained in the owner's and software manuals supplied to appellant with the equipment. It warranted the hardware and the medium upon which the software is stored to be free of manufacturing defects for a period of 90 days. It further provided that "[s]oftware is licensed on an 'AS IS' basis, without warranty." It made "no warranty as to the design, capability, capacity or suitability for use of the software." The customer's exclusive remedy in the event of a software manufacturing defect was to obtain repair or replacement within 30 days of the sale. The following disclaimer appears in bold, upper case print: "[appellee] MAKES NO WARRANTIES, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." The section captioned, "LIMITATION OF WARRANTY," provided that "[appellee] SHALL HAVE NO LIABILITY OR RESPONSIBILITY TO CUSTOMER . . . WITH RESPECT TO ANY LIABILITY, LOSS OR DAMAGE CAUSED OR ALLEGED TO BE CAUSED DIRECTLY OR INDIRECTLY BY 'EQUIPMENT' OR 'SOFTWARE' SOLD . . . INCLUDING, BUT NOT LIMITED TO, ANY INTERRUPTION OF SERVICE, LOSS OF BUSINESS OR ANTICIPATORY PROFITS OR CONSEQUENTIAL DAMAGES. . . . LIABILITY FOR DAMAGES INCURRED BY CUSTOMER OR OTHERS SHALL NOT EXCEED THE AMOUNT PAID BY CUSTOMER FOR THE PARTICULAR 'EQUIPMENT' OR 'SOFTWARE' INVOLVED."

There is implied in a contract for the sale of goods a warranty that the goods are merchantable. OCGA § 11-2-314. A warranty that the goods are fit for a particular purpose is implied when the seller "has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. . . ." OCGA § 11-2-315. Both statutorily implied warranties may be excluded or modified if the provisions of OCGA § 11-2-316 are satisfied. "[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness

the exclusion must be by a writing and conspicuous." OCGA § 11-2-316 (2).

In his affidavit in opposition to summary judgment, appellant averred that he saw the sales receipt for the first time after he had taken delivery of the equipment, and thereupon questioned the salesman who advised him that the 30-day return policy did not apply, but that a "90-day return for refund agreement was in place." He further stated that had he been made aware of the language of the sales receipt and limited warranty, he would not have purchased the computer equipment. The sales receipt was tendered to him at the time of purchase along with the equipment. It was his responsibility to read it. Appellant "may not avoid the terms of the written warranty by asserting reliance upon [his] understanding of the extent of the warranty based upon verbal communications by [appellee's] personnel. A party may not so benefit from his failure to exercise common prudence and diligence." A-Larms, Inc. v. Alarms Device Mfg. Co., 165 Ga. App. 382, 386 (2) (300 SE2d 311) (1983).

The trial court was authorized to conclude that the limited warranty satisfied the requirements of OCGA § 11-2-316 (2) and is enforceable as a matter of law.

3. The final contention is that the trial court erred in ruling that the limited warranty is enforceable with respect to the disclaimer of consequential damages.

OCGA § 11-2-316 (4) provides that remedies for breach of warranty can be limited in accordance with OCGA §§ 11-2-718 and 11-2-719. "Damages . . . may be liquidated in the agreement but only at an amount which is reasonable in light of the anticipated or actual harm caused by the breach; . . ." OCGA § 11-2-718 (1). "Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable." OCGA § 11-2-719 (3).

A disclaimer of liability for consequential damages limited recovery to the amount paid by the customer for the equipment. The argument that it is unenforceable because not conspicuous fails. The statute does not require a conspicuous writing, analogous to that of OCGA § 11-2-316 (2). Webster v. Sensormatic Electronic Corp., 193 Ga. App. 654 (389 SE2d 15) (1989). As the trial court ruled, the limited warranty is enforceable.

Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.

DECIDED NOVEMBER 20, 1991 —
RECONSIDERATION DENIED DECEMBER 11, 1991 —

Edward W. McCrimmon, pro se.

*Doffermyre, Shields & Canfield, Everette Doffermyre, Jr.*, for appellee.