A96A2538. BYRD v. JRC TOWNE LAKE, LTD. et al.
(484 SE2d 309)

ANDREWS, Chief Judge.

Pamela D. Byrd filed an action in April 1995 against JRC Towne Lake, Ltd. (JRC) and Harry Boone d/b/a Habitat Development Company (Boone) alleging that they negligently caused a 1993 automobile accident in which Byrd sustained personal injuries and property damage. The trial court granted identical motions for summary judgment brought by JRC and Boone on the basis that Byrd was judicially estopped from pursuing the claims asserted in the suit because she did not disclose the claims in a Chapter 13 bankruptcy petition she filed in August 1994. Byrd appeals claiming the trial court erred by applying judicial estoppel to bar the present suit.

After the 1993 automobile accident, Byrd and her husband filed a joint Chapter 13 bankruptcy petition in the U. S. Bankruptcy Court in August 1994. Along with the bankruptcy petition, the Byrds were required to file a schedule listing the personal property in which they had an interest. The schedule contained a list of various types of personal property and provided a space next to each type of property listed for the debtors to describe any interest they had in such property and give a current market value of the interest. It is undisputed that, when the Chapter 13 petition was filed, Byrd had an accrued cause of action for the claims she later asserted in the present suit. A Chapter 13 debtor's interest in a cause of action, including an unliquidated tort claim, is personal property included as part of the bankrupt estate. 11 USC §§ 1306 (a); 541 (a); *Tignor v. Parkinson*, 729 F2d 977, 980-981 (4th Cir. 1984); *In re Geis*, 66 B.R. 563, 564 (Bkrtcy. N.D. Ga. 1986). In seeking information about Byrd's interest in the present cause of action, the schedule of personal property required Byrd to describe any interest she had in a type of personal property

described as "contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to set-off claims." Byrd's personal property schedule showed "none" as the description of her interest in this type of personal property. Byrd also signed a verification that the personal property schedule was "true and correct to the best of [her] knowledge, information and belief." Based on the schedules submitted with the petition, the Chapter 13 plan was subsequently confirmed by the bankruptcy court in November 1994. The case was later dismissed on the motion of the Chapter 13 trustee in November 1995. In April 1995, Byrd filed the present action making claims based on the 1993 automobile accident.

When Byrd filed the Chapter 13 petition, she had a duty to disclose the existence of the cause of action she had arising from the prior automobile accident. She failed to disclose the cause of action on the schedule of her personal property filed with the petition, and the bankruptcy court relied on the schedule as a basis for confirming the Chapter 13 plan. Byrd's present suit asserting claims arising from the 1993 automobile accident clearly contradicts her assertion in the bankruptcy case that she had no such claims. "The essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. . . . [It] is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings." (Citations and punctuation omitted.) *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996).

In *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455-456 (442 SE2d 265) (1994), we held that, in view of the stringent disclosure requirements in bankruptcy court, "the failure to disclose [a claim based on an accrued cause of action] is viewed as amounting to a denial that such claims exist." We concluded in *Southmark Corp.* that the failure to disclose such a claim in the bankruptcy case precluded subsequent assertion of the claim under the doctrine of judicial estoppel. Id. at 456.

Byrd contends that judicial estoppel does not apply because the failure to list her claims from the 1993 automobile accident on the bankruptcy personal property schedule was not an intentional attempt by her to mislead the court. Byrd does not contend she was unaware of the existence of the present claims when she filed the bankruptcy petition. Rather, she contends that she did not know she was required to disclose the claims. The bankruptcy schedules clearly required disclosure of the present claims, specifically requiring disclosure of all "contingent and unliquidated claims of any nature

including . . . counterclaims of the debtor and rights to setoff claims." When confronted with the bankruptcy schedule requiring this disclosure, Byrd testified at her deposition that she had never seen the schedule, that her attorney filled it out, and that she was never asked about her involvement "in any kind of lawsuit" or "if there were any contingency claims." She admitted she signed a verification stating that all the information in the bankruptcy schedule was true and correct, but she testified that, "I didn't go through every piece of paper and read everything that was written there." Nothing in the record indicates that Byrd was prevented from reading the bankruptcy schedule.

Neither Byrd's neglect in failing to read the schedule nor any neglect she may attribute to her attorney is a ground for relieving her of the duty to disclose the claims in the bankruptcy case. See *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990). Byrd cannot rely on her own failure to read the bankruptcy schedule to advance the position that her failure to disclose the claims was unintentional. See *McCrimmon v. Tandy Corp.*, 202 Ga. App. 233, 236 (414 SE2d 15) (1991). Under these circumstances, the trial court did not err in granting summary judgment on the basis of judicial estoppel.

*Judgment affirmed. Smith, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

Although I agree with the decision reached by the majority, in an effort to avoid potential confusion in future cases, I write to point out the distinctions between the present case and *Johnson v. Trust Co. Bank*, 223 Ga. App. 650 (478 SE2d 629) (1996). In *Johnson*, Johnson had both informed the bankruptcy trustee about the existence of a potential tort claim and referenced the potential claim in a statement of financial affairs before his bankruptcy case was concluded. Id. at 651. Johnson also successfully moved the bankruptcy court, which was the court whose alleged manipulation was at issue, to reopen his bankruptcy case to allow him to schedule his tort claim as a potential asset. Id. As a result, it could not be said as a matter of law that Johnson had intentionally deceived or manipulated the bankruptcy court or that he was taking a position in pursuing his tort action that was "inconsistent with one *successfully and unequivocally* asserted by him in a prior proceeding." (Citation and punctuation omitted; emphasis supplied.) Id. at 652. Therefore, judicial estoppel was not warranted.

In the case at bar, however, none of the above circumstances exist, and there is no indication that plaintiff ever had any desire to have her bankruptcy case reopened to include her tort claim as a

potential asset. And while plaintiff claims that she did not under-
stand what was required to be listed in the bankruptcy schedule, this
creates merely a potential issue between plaintiff and her attorney,
who should have thoroughly explained any necessary paperwork to
her and, as set forth by the majority, does not relieve plaintiff from
the duties imposed upon her.

DECIDED MARCH 17, 1997.

*John C. McCaffery, Lowell C. Chatham*, for appellant.
*Hawkins & Parnell, Alan F. Herman, Anita T. Wallace, Moore,
Ingram, Johnson & Steele, Eldon L. Basham, Jere C. Smith, Alexan-
der T. Galloway III*, for appellees.