**Joey L. SCOGGINS, Plaintiff,**

v.

**ARROW TRUCKING COMPANY, Defendant.**

**No. CV 499–032.**

United States District Court,
S.D. Georgia,
Savannah Division.

Jan. 21, 2000.

Steven E. Scheer, Lee, Black, Scheer & Hart, PC, Savannah, L. Chandler Vreeland, Marietta, GA, for Joey L. Scoggins, plaintiffs.

Richard A. Rominger, Thomas Langston Bass, Jr., Brennan, Harris & Rominger, Savannah, GA, for Arrow Trucking Company, Liberty Mutual Insurance Company, defendants.

## ORDER

EDENFIELD, District Judge.

### I. BACKGROUND

Plaintiff Joey L. Scoggins alleges that, while traveling on a Georgia highway, a winch came loose on an Arrow Trucking Company (Arrow) truck and struck his vehicle, injuring him. Doc. # 1 ¶¶ 5–16. He brought this negligence action initially against both Arrow and its insurer, Liberty Mutual Insurance Company (Liberty), doc. # 1 at 1, but later dropped Liberty in the face of its summary judgment motion. Doc.## 21, 28, 30.

Arrow now moves—over Scoggins's opposition—for summary judgment, doc. # 32 (as amended, doc. # 39), contending that he failed to (a) sufficiently serve it; and (b) disclose this claim on his recent bankruptcy petition. Doc.## 33, 40, 43. Plaintiff insists that these defects are cura-

**1.** This Court applies the summary judgment principles explained in *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742–43 (11th Cir. 1996) and *Cohen v. United American Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996). Under S.D.Ga. Local Rule 56.1 and

ble, so the Court should deny Arrow summary judgment. Doc.## 44, 46.

### II. ANALYSIS [1]

#### A. Judicial Estoppel

There is no dispute that: (a) the accident in question occurred in September, 1997; (b) Scoggins—with the assistance of counsel—filed a Chapter 7 bankruptcy petition in July, 1998; and (c) despite being asked (by the bankruptcy filing forms), failed to disclose the instant claim to the bankruptcy court. Doc. # 34. Nor do the parties dispute that plaintiff filed this action in February, 1999, after personally contacting Liberty in May, 1998, to press his damages claim against its insured (Arrow). *Id.*

In light of these facts, Arrow contends, Scoggins should be judicially estopped from advancing this claim because he knew about it but failed to timely disclose it to the bankruptcy court. Doc. # 33; *see Reagan v. Lynch*, 241 Ga.App. 642, 524 S.E.2d 510, 511 (1999) (judicial estoppel barred Reagan's suit because he did not include his contract/negligence claims as potential assets in his bankruptcy petition, and merely giving notice to his trustee without also amending his petition—or moving to reopen his case—was not enough).

Plaintiff points to the *Reagan* concurrence suggesting that debtors can move to amend their bankruptcy petitions or reopen their cases to declare the omitted cause of action. Doc. # 44 at 1–2. That is, Scoggins's counsel claims, exactly what he's doing now. *Id.* That beckons the obvious question, however: should judicial estoppel apply nevertheless since Scoggins

*Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988), all unopposed fact statements supported by the evidentiary materials of record are deemed admitted.

is "fessing up" only because his adversary exposed his omission? The answer arises from a review of the judicial estoppel doctrine's central purpose. The *Reagan* court first reviewed *Southmark Corp. v. Trotter, Smith,* 212 Ga.App. 454, 442 S.E.2d 265 (1994), where the Georgia Court of Appeals

> applied judicial estoppel to a plaintiff who failed to list his claims for legal malpractice in his Chapter 11 bankruptcy action. [It] determined that the plaintiff's excuse that he had been reasonably diligent in investigating potential causes of action was without merit because the bankruptcy court required disclosure of even potential claims.

*Reagan,* 241 Ga.App. 642, 524 S.E.2d 510, 511.

Likewise, in *Byrd v. JRC Towne Lake, Ltd.,* 225 Ga.App. 506, 507, 484 S.E.2d 309 (1997), the plaintiff argued against judicial estoppel because she did not "intend" to mislead the court by failing to list her claim on her Chapter 13 bankruptcy schedule. Nevertheless the doctrine applied because neither the plaintiff's "neglect in failing to read the schedule nor any neglect she [attributed] to her attorney [was] a ground for relieving her of the duty to disclose the claims in the bankruptcy case." *Id.* at 508, 484 S.E.2d 309. The *Reagan* court then distinguished the more lenient result reached in *Johnson v. Trust Co. Bank,* 223 Ga.App. 650, 478 S.E.2d 629 (1996):

> [A]lthough the plaintiff [there] originally did not include the subject tort claim in his Chapter 7 bankruptcy, he later amended his petition to assert the claim as a potential asset. Additionally, the evidence indicated that he had given information concerning the tort claim to his attorney and the bankruptcy trustee. Therein, we held that due to the amendment to the bankruptcy petition, the plaintiff's present position was not "in-

consistent with one successfully and unequivocally asserted by him in a prior proceeding." (Punctuation omitted.) *Id.* at 652, 478 S.E.2d 629 . . . .

*Reagan,* 241 Ga.App. 642, 524 S.E.2d 510, 1999 WL 983907 at * 2.

The *Reagan* court also pointed to "*Clark [v. Perino,* 235 Ga.App. 444, 509 S.E.2d 707 (1998)], [where] the plaintiff failed initially to include the subject claims in her Chapter 7 bankruptcy petition, filed pro se, but she later obtained permission from the court to amend her filings and correct the omissions. *Id.* at 445–446, 509 S.E.2d 707." *Reagan,* 241 Ga.App. 642, 524 S.E.2d 510, 511. As the *Reagan* court demonstrated, judges focus on the debtor's *intent,* and that includes attempts to correct (rather than exploit) an unfair tactical advantage one otherwise gains by failing to timely disclose litigation claims to the bankruptcy court. *Id.* at 511 ("Although application of the doctrine of judicial estoppel is severe, whether to apply it depends entirely on the actions of the plaintiff").

In a whole-court opinion, a majority applied judicial estoppel in *Wolfork v. Tackett,* 241 Ga.App.633, 526 S.E.2d 436 (1999). There the court pointed out that it "applies the federal doctrine of judicial estoppel to preclude the prosecution of unliquidated tort claims that discharged debtors failed to list as assets in their federal bankruptcy petitions." 241 Ga.App. 633, 526 S.E.2d at ——. It examined "whether a debtor's failure to supplement a Chapter 13 bankruptcy petition or to reopen the bankruptcy proceedings so as to list a cause of action accruing *after* the filing of the petition but *before* the discharge of the bankruptcy precludes the debtor from pursuing the cause of action in a Georgia state court." *Id.* (emphasis added).

Because a post-petition cause of action is an asset of a Chapter 13 bankruptcy estate, *id.,* and debtor Wolfork failed her clear duty to amend and disclose her vehi-

cle-accident based tort claim, the majority held that she was judicially estopped from advancing it in State court. 241 Ga.App. 633, 526 S.E.2d 436, 438; *see also id.* at —— (dissent arguing, inter alia, that a fact issue existed). In so holding, it distinguished

> those cases where the debtor moved to reopen the bankruptcy proceeding to amend the asset schedule to include the tort claim, for then the proceeds of the claim would have inured to the benefit of the creditors, and the inconsistency of declaring that no such asset existed would have been cured through amendment. Wolfork did not attempt to reopen the case, even though the bankruptcy court had the discretion to grant a reopening under 11 U.S.C. § 350(b). Unscheduled assets, newly discovered assets, or concealed assets usually furnish a basis for reopening the case. The bankruptcy court's power to reopen was not circumscribed by any particular time limit. Wolfork's decision not to seek to reopen mandates summary judgment against her.

*Id.* (quote and cites omitted).

Here Scoggins—who failed to disclose a pre-petition claim—does not state whether he has been discharged, but his lawyer represents that he is in the process of moving to amend his bankruptcy filings to disclose this claim. *See* doc. # 44 at 1–2. However, counsel furnishes no sworn affidavit from Scoggins, nor documentation showing how far his bankruptcy has progressed.

In any event, this Court concludes that Scoggins is too late because he is only disclosing this claim when forced by his

adversary to do so.[2] The *Wolfork* dissent, which urged a more forgiving result for Wolfork, emphasized the "intent" factor in this analysis:

> [J]udicial estoppel is [applied] to prevent the use of *intentional* self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. It is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings. Finally, it can only be applied to preclude a party from asserting a position in a judicial proceeding which is *inconsistent* with a position previously successfully asserted by it in a prior proceeding.

241 Ga.App. 633, 1999 WL 1084285 at * 5 (quotes, cites and emphases omitted; emphasis added).

The above cases never clearly state how long the "inconsistency" must last, whether there comes a time when is too late to be cured, and if a debtor should be permitted to do so if he waits until he is exposed by others. The cases do state that if the debtor "self-reforms" on the matter then courts will be lenient.

That certainly is not the case here. Indeed, there is no dispute that Scoggins was represented by counsel when he filed his bankruptcy petition (*see* doc. # 33, exh. 20) and was aware of the facts giving rise to his "Arrow" claim. Hence, he cannot even invoke the "pro se" or "sua sponte amendment" cases cited by the *Reagan* and *Wolfork* courts to support lenient treatment.

Moreover, plaintiff tendered no affidavit or other explanation to negate the obvious

---

**2.** An ancillary issue also surfaces: whether a trustee has been appointed in Scoggins's bankruptcy case and if so, does Scoggins even have standing before this Court since the trustee would be the proper party to press the instant claim. *See Cable v. Ivy Tech State College,* 200 F.3d 467, 471 (7th Cir.1999) (In

Chapter 7 cases, "[t]he trustee has sole authority to dispose of property, including managing litigation related to the estate. See 11 U.S.C. §§ 541(a)(1), 704(1)"); *In re New Era, Inc.,* 135 F.3d 1206, 1209 (7th Cir.1998) (the Chapter 7 trustee has the exclusive right to represent debtor in court).

inference that his adversary here is compelling him to honor his bankruptcy obligations. In *Chandler v. Samford Univ.*, 35 F.Supp.2d 861 (N.D.Ala.1999), the court applied judicial estoppel even though the plaintiff debtor informed her counsel (belatedly) and he then informed the bankruptcy court in a second bankruptcy filing. *Id.* at 863, 865. The result should not be any different here.

It is true that *Reagan* and *Wolfork* can be read to overlook Scoggins's omission, if only because those courts failed to place a time limit on when one can disclose after-the-fact. Whatever those courts intended, this Court concludes that federal judicial estoppel should require more. Scoggins should not be permitted to duck his bankruptcy court disclosure obligation,[3] then "fess up" without consequence once exposed by his adversary. He knew of the facts giving rise to his inconsistent positions, and he had a motive to conceal this claim. That is enough. *See Coastal Plains*, 179 F.3d at 212.

Society's core message, as expressed in over 100 false statement statutes,[4] in its bankruptcy concealment and tax fraud laws,[5] and in its statutory prohibition against deceiving government agencies,[6] is clear: those who actively or passively (by failing to disclose material facts) deceive the government—especially the judicial branch, which so heavily depends upon truthful disclosures under oath—should, at a minimum, reap no advantage from doing so.[7] That message would be disserved by giving Scoggins a free pass here.

For that matter, the possibility that a debtor can amend his bankruptcy filing, if not reopen an otherwise closed bankruptcy case, does not automatically remedy the situation. Sometimes, for example, "the time and expense of administration may outweigh the benefit of the unadministered assets and hence justify refusal to reopen." 2 NORTON BANKRUPTCY LAW & PRAC. 2D § 34–4 at 34–6 (1997).

Even where that is not the case, after-the-fact amendments still burden courts by disrupting the orderly administration of bankruptcy estates.[8] The offending litigants, not courts, should be made to bear the consequence of non-disclosure. It is the court system, after all, that judicial estoppel aims to protect. *See Coastal Plains*, 179 F.3d at 205.

## III. *CONCLUSION*

In light of the result reached above, it is not necessary to reach Arrow's "defective

---

**3.** "[T]he importance of this disclosure duty cannot be overemphasized.... [T]he *integrity of the bankruptcy system depends upon full and honest disclosure by debtors of all of their assets.*" *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.1999) (emphasis original), *cert. denied,* —— U.S. ——, 120 S.Ct. 936, 145 L.Ed.2d 814 (2000).

**4.** *See U.S. v. Wells*, 519 U.S. 482, 505, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997) (dissent) (collecting cites).

**5.** *See, e.g.*, 18 U.S.C. § 152; *U.S. v. Klausner*, 80 F.3d 55 (2nd Cir.1996).

**6.** *See, e.g.*, 18 U.S.C. § 1505.

**7.** That message also resounds within State law. *See Hudgens v. Broomberg*, 262 Ga. 271, 272, 416 S.E.2d 287 (1992) ("contradictory testimony rule"). Georgia even vests litigants with "private attorney general" power to raise, as a forum-blocking defense, an adverse party's failure to pay his taxes (hence, where no inconsistent conduct has been involved, but merely the failure to obey a revenue statute). *See Lagrone v. Telecash Investments*, 220 Ga.App. 876, 470 S.E.2d 445 (1996); *Springer v. Gaffaglio*, 190 Ga.App. 272, 378 S.E.2d 691 (1989).

**8.** For starters, the bankruptcy court is by definition asked to retread already covered ground. In cases requiring reopening, the moving party must show cause, thus requiring judicial input and resolution on an issue that would not exist but for the prior non-disclosure. *See* 2 NORTON BANKRUPTCY LAW & PRAC. 2D § 34–3 (1997). Next, a trustee might have to be appointed or reappointed. *Id.* Finally, other courts (like this Court) must then resolve whether the debtor or his trustee has standing to litigate the undisclosed claim. *See Cable*, 200 F.3d 467, 471; note 2 *supra*.

service" argument. Defendant Arrow Trucking Company's motion for summary judgment (doc. # 32, as amended, # 39) is *GRANTED.* Plaintiff Joey L. Scoggins's Complaint is *DISMISSED WITH PREJUDICE.*